[Cite as *Homeless Charity v. Akron*, 2019-Ohio-5330.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

THE HOMELESS CHARITY, et al.

    Appellants

    v.

CITY OF AKRON

    Appellee

C.A. No.    29334

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-10-4270

DECISION AND JOURNAL ENTRY

Dated: December 26, 2019

TEODOSIO, Presiding Judge.

{¶1} Sage Lewis LLC, Sage Lewis, and the Homeless Charity (collectively "the Homeless Charity") appeal the judgment of the Summit County Court of Common Pleas granting the City of Akron's motion to dismiss. We affirm.

I.

{¶2} On October 16, 2018, the Homeless Charity filed an administrative appeal with the Summit County Court of Common Pleas, appealing the September 18, 2018, decision of the Akron City Council denying a conditional use permit for the property located at 15 Broad Street in Akron. The Homeless Charity filed instructions for service with the Summit County Clerk of Courts requesting certified mail service of the notice of appeal be made upon "City of Akron, c/o Law Director Eve Belfance" at the law director's address: 161 South High Street, Suite 202, Akron, Ohio 44308. The Clerk of Courts' website indicated that service was made upon the law director on October 18, 2018, however the corresponding document provided by the United

States Postal Service indicates that the recipient of the certified mail was signed for by "C.O.C." at "205 S. High[.]" 205 South High Street, Akron, Ohio, is the address of the Summit County Clerk of Courts.

{¶3} In December 2018, the City of Akron filed its motion to dismiss the administrative appeal, and attached three affidavits in support. The motion argued that because a notice of the appeal was not filed with Akron City Council pursuant to R.C. 2505.04, the administrative appeal was not perfected and the trial court did not have jurisdiction. On February 14, 2019, the trial court granted the City of Akron's motion to dismiss, concluding that it was, in fact, without jurisdiction because the Homeless Charity had failed to perfect the administrative appeal.

{¶4} The Homeless Charity now appeals to this Court, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS FAILED TO PROVIDE EVIDENCE THAT IT IS SUFFICIENT TO SERVE THE NOTICE OF APPEAL REQUIRED UNDER R.C. 2505.04 ON COUNSEL FOR THE AKRON CITY COUNCIL, RATHER THAN DIRECTLY ON THE ENTITY ITSELF.

{¶5} In its first assignment of error, the Homeless Charity argues the trial court erred in its finding "that no evidence was presented to show any special relationship between the law director and the administrative body that would warrant service upon the law director to be sufficient." We disagree.

{¶6} The dismissal of a case for lack of subject matter jurisdiction "'inherently raises questions of law,'" which requires a de novo review. *Servpro v. Kinney*, 9th Dist. Summit No.

24969, 2010–Ohio–3494, ¶ 11, quoting *Exchange St. Assocs., L.L.C. v. Donofrio*, 187 Ohio App.3d 241, 2010–Ohio–127, ¶ 4 (9th Dist.). "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶7} R.C. 2505.04, in pertinent part, sets forth the procedure for perfecting an administrative appeal:

> An appeal is perfected when a written notice of appeal is filed * * * with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved.

Further, R.C. 2505.07 provides: "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days." If the procedure set forth by R.C. 2505.04 is not followed, then the common pleas court does not have jurisdiction to hear the appeal and must dismiss it. *Helms v. Akron Health Dept.*, 9th Dist. Summit No. 21735, 2004-Ohio-3408, ¶ 11. Similarly, if the notice of appeal is filed with the administrative body after the 30–day period, then the notice of appeal is untimely and the trial court lacks jurisdiction to consider the appeal. *See id*. at ¶ 12–13. The parties in this matter agree that notice of appeal was due on or before October 18, 2018.

{¶8} "Although the person attempting to appeal does not have to use a particular method to deliver his notice of appeal to the administrative body, '[f]iling does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07.'" *Harris v. Akron*, 9th Dist. Summit No. 25689, 2011–Ohio–6735, ¶ 5, quoting *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604*,* ¶ 18, 39. This Court has held that the specific language in R.C. 2505.04 requires that a notice of appeal must be filed with

the administrative agency from which the appeal is taken. *Thrower v. Akron Dept. of Health Hous. Appeals Bd.*, 9th Dist. Summit No. 21061, 2002-Ohio-5943, ¶ 18. The filing of a notice of appeal in the common pleas court is insufficient to vest jurisdiction over an administrative appeal. *Id.* R.C. 2505.04 specifically requires that an appellant file the notice of appeal with the agency involved. We have held that the provisions regarding the perfection of an appeal are mandatory and that we do not have authority to adopt a "'substantial compliance'" test. *Harris v. Akron Hous. Appeals Bd.*, 9th Dist. Summit No. 21197, 2003-Ohio-724, ¶ 8, quoting *Chapman v. Hous. Appeals Bd.*, 9th Dist. Summit No. 18166, 1997 WL 537651, *3 (Aug. 13, 1997).

{¶9} This Court has specifically stated that "we reject the argument that service of a notice of appeal on the opposing party's lawyer is the same as filing it with the appropriate administrative body." *Lorenzo Properties, II, Inc. v. City of Akron*, 9th Dist. Summit No. 25807, 2011-Ohio-5369, ¶ 12. In *Highland Square Mgt. v. City of Akron*, 9th Dist. Summit Nos. 27211 and 27372, 2015-Ohio-401, ¶ 10, we noted that other Ohio appellate courts had also determined that service upon an administrative body's attorney does not satisfy the filing requirement of R.C. 2505.04. (citing to *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 186 Ohio App.3d 56, 2010-Ohio-592, ¶ 48 (12th Dist.), rev'd on other grounds, 128 Ohio St.3d 471, 2011-Ohio-1604; *Guy v. Steubenville*, 7th Dist. Jefferson No. 97–JE–22, 1998 WL 13866, *3 (Jan. 15, 1998); *Patrick Media Group, Inc. v. Cleveland Bd. of Zoning Appeals*, 55 Ohio App.3d 124, 125 (8th Dist.1988); as well as our decision in *Lorenzo Properties, II, Inc. v. Akron*, 9th Dist. Summit No. 25807, 2011–Ohio–5369, ¶ 12).

{¶10} We also acknowledged *Smola v. Legeza*, 11th Dist. Ashtabula No. 2004-A-0038, 2005-Ohio-7059, where the notice of appeal from a decision of the Conneaut Board of Zoning Appeals was delivered to the Conneaut City Manager and Zoning Inspector Office. The

Eleventh District Court of Appeals determined that the notice satisfied the requirements of R.C. 2505.04 because the Conneaut Board of Zoning Appeals did not have its own office at Conneaut City Hall and received all deliveries made to it at the City Manager and Zoning Inspector Office, concluding that delivery of the notice of appeal was made "to the only known office of the Conneaut BZA." *Id*. at ¶ 16-17. In drawing upon this example we noted that we did not "foreclose the possibility of instances where service delivered to a city's law director might satisfy the filing requirement under R.C. 2505.04." *Highland Square Mgt.* at ¶ 10. We further noted, however, that the record did "not reflect any factual circumstances suggesting that such would be appropriate * * * [f]or example, * * * evidence in the record that the City Council regularly received its mail in the Law Director's office." *Id*.

{¶11} The Homeless Charity points to this language, and argues that it provided factual support by showing: (1) the purpose of the R.C. 2505.04 filing requirement is to provide notice to the agency; (2) the law director represents the city and its agencies in all matters; and (3) a party is on notice of a legal action if the party's attorney is provided the notice. We conclude that these are not factual circumstances of the type hypothesized in *Highland Square*; rather, they are no different from the circumstances in every case whereby an administrative agency is represented by a law director. Although we have not foreclosed against every possible factual scenario, we have directly rejected the notion that service upon an administrative body's attorney satisfies the filing requirement of R.C. 2505.04. As in *Highland Square*, there are no unique circumstances presented here that would indicate that service would have been appropriate upon the law director.

{¶12} The Homeless Charity's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN HOLDING THAT THE FAILURE OF THE SUMMIT COUNTY CLERK OF COURT TO TIMELY SERVE THE NOTICE OF APPEAL TERMINATED THE SUBJECT-MATTER JURISDICTION OF THE SUMMIT COUNTY COURT OF COMMON PLEAS.

{¶13} In its second assignment of error, the Homeless Charity argues that the trial court erred in holding that the failure of the Clerk of Court to timely serve the notice of appeal terminated its subject-matter jurisdiction, because Ohio courts do not lose subject-matter jurisdiction due to a filing error committed by the Clerk of Courts. We disagree.

{¶14} The Homeless Charity's argument is premised on the theory that "the Notice of Appeal, due to clerical error of the Clerk of Court for the Summit County Court of Common Pleas, was not timely served on the Akron Law Director." Because we concluded in the first assignment of error that, in this matter, service upon the Law Director would not satisfy the filing requirement of R.C. 2505.04, this second assignment of error is rendered moot. *See* App.R. 12(A)(1)(c). Even if we were to conclude that the Clerk of Court, due to a clerical error, failed to serve the Akron Law Director, such a conclusion would not provide a basis for reversal.

{¶15} The Homeless Charity's second assignment of error is overruled.

III.

{¶16} The Homeless Charity's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JEFFREY ROWES, Attorney at Law, for Appellants.

DIANA K. SIMPSON, Attorney at Law, for Appellants.

REBECCA J. SREMACK, Attorney at Law, for Appellants.

EVE V. BELFANCE, Director of Law, and JOHN R. YORK and BRIAN D. BREMER, Assistant Directors of Law, for Appellee.