[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Galonski*, Slip Opinion No. 2024-Ohio-1064.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1064

THE STATE EX REL. WARE, APPELLANT, *v.* GALONSKI,[1] CLERK, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Galonski*, Slip Opinion No. 2024-Ohio-1064.]

*Mandamus—Public Records Act—Statutory damages—On remand, court of appeals correctly held that requester was not entitled to statutory damages—Requester failed to prove by clear and convincing evidence that he delivered public-records requests by certified mail—Court of appeals' judgment affirmed.*

(No. 2023-0268—Submitted November 14, 2023—Decided March 26, 2024.)

APPEAL from the Court of Appeals for Summit County, No. 29622, 2023-Ohio-202.

_____

_____

1. Ware asserted his claim against Sandra Kurt, who was the Summit County clerk of courts when the complaint was filed. The current clerk, Tavia Galonski, is automatically substituted as a party to this action under S.Ct.Prac.R. 4.06(B).

**Per Curiam.**

**{¶ 1}** The Ninth District Court of Appeals has twice denied appellant, Kimani Ware, an inmate at the Richland Correctional Institution, a writ of mandamus ordering appellee, Summit County Clerk of Courts Tavia Galonski, to produce certain records under the Public Records Act, R.C. 149.43. After the Ninth District's first denial of the requested writ, *see State ex rel. Ware v. Kurt*, 2021-Ohio-2025, 173 N.E.3d 1268 (9th Dist.), we held that the Ninth District erred in applying the Rules of Superintendence for the Courts of Ohio as a basis for denying mandamus relief, *State ex rel. Ware v. Kurt*, 169 Ohio St.3d 223, 2022-Ohio-1627, 203 N.E.3d 665, ¶ 14-17. We remanded the case to the Ninth District for it to determine whether Ware was entitled to relief under the Public Records Act. *Id*. at ¶ 31.

**{¶ 2}** On remand, the Ninth District determined that Ware was not entitled to relief under R.C. 149.43 and again denied the writ. 2023-Ohio-202, ¶ 37. Ware appeals to this court once again. For the following reasons, we affirm the Ninth District's judgment.

**FACTS AND PROCEDURAL BACKGROUND**

**{¶ 3}** In December 2019, Ware filed a complaint for a writ of mandamus under R.C. 149.43(C)(1)(b), asking the Ninth District to order the Summit County clerk of courts to produce certain public records. Ware alleged in his complaint that he transmitted numerous public-records requests in January 2019 by certified mail to the clerk's office. According to Ware, he sent ten public-records requests, each seeking multiple documents, for a total of 37 different requested documents. Ware sought documents related to clerk's office employees, policies, and budget information, as well as grand-jury reports, certain oaths of office, dockets for a specific judge for a specified period, and the transcript of a 9-1-1 call from his own criminal case. Ware alleged that the clerk did not respond to his requests, and he

sought statutory damages under R.C. 149.43(C)(2) for the clerk's alleged failure to produce the requested documents.

{¶ 4} The clerk filed an answer and a motion for summary judgment. In her motion, the clerk argued that the complaint should be dismissed as moot because she either had provided Ware with the requested documents or explained why she was unable to do so. Ware also moved for summary judgment. Ware conceded that he received some of the requested documents after filing his mandamus complaint, but he maintained that the clerk failed to provide everything that he had requested. Ware also asserted that he was entitled to statutory damages because the clerk had acted in bad faith by ignoring his January 2019 public-records requests and by failing to promptly provide all the requested documents.

{¶ 5} The Ninth District granted summary judgment in the clerk's favor, holding that the Rules of Superintendence, not the Public Records Act, was the proper vehicle by which to obtain all the documents that Ware had requested except for one. As to that one document—the transcript of the 9-1-1 call—the Ninth District determined that Ware was not entitled to mandamus relief for two reasons: (1) the clerk did not have possession of the transcript and had informed Ware of that fact and (2) Ware was not otherwise entitled to the transcript even if the clerk did have it, because Ware had failed to obtain authorization from his sentencing judge to request that document, as required by R.C. 149.43(B)(8). Accordingly, the Ninth District concluded that the clerk had no obligation to provide the transcript to Ware under R.C. 149.43.

{¶ 6} The Ninth District also denied Ware's request for statutory damages he sought under R.C. 149.43(C)(2). The court found that Ware was not entitled to damages for the documents that it determined were subject to Sup.R. 44 through 47, because the Rules of Superintendence do not authorize statutory damages. As to the transcript of the 9-1-1 call, the Ninth District denied statutory damages after

finding that the clerk had no obligation to provide that document under R.C. 149.43(B).

{¶ 7} On appeal, we agreed with the Ninth District's determination that Ware was not entitled to the transcript of the 9-1-1 call even if it were in the clerk's possession, because Ware had failed to obtain sentencing-court approval under R.C. 149.43(B)(8). *Ware*, 169 Ohio St.3d 223, 2022-Ohio-1627, 203 N.E.3d 665, at ¶ 24-25. Likewise, we upheld the appellate court's conclusion that Ware was not entitled to statutory damages for the transcript, because the clerk had no obligation to provide that document to Ware under R.C. 149.43. *Id*. at ¶ 26.

{¶ 8} We held, however, that the Ninth District erred in determining that the remaining requested documents were governed by the Rules of Superintendence. We found that out of the 37 documents that Ware had requested, only 4 fell under the Rules of Superintendence. *Id*. at ¶ 14-17. In addition, we found that because the remaining 32 requested documents (excluding the transcript of the 9-1-1 call) were subject to the Public Records Act, the Ninth District erred in rejecting Ware's request for statutory damages under R.C. 149.43(C)(2) on the ground that those documents were governed by the Rules of Superintendence. *Id*. at ¶ 20.

{¶ 9} We also determined that several facts relevant to Ware's statutory-damages claim were in dispute. *Id*. at ¶ 21-23. We therefore remanded the case to the Ninth District for it to determine: (1) which documents subject to the Public Records Act were produced to Ware, (2) whether the clerk had legitimate reasons for rejecting Ware's requests for the documents that were not produced, and (3) whether Ware was entitled to statutory damages for the requested documents that were subject to the Public Records Act. *Id*. at ¶ 31.

{¶ 10} On remand, the Ninth District again denied the writ. The Ninth District first found that the clerk had provided documents in her possession, if those

documents existed, in response to all of Ware's requests. 2023-Ohio-202 at ¶ 10-16, 24-25.

{¶ 11} The Ninth District also found that the clerk had legitimate reasons for rejecting Ware's requests for documents that were not produced, except for one document—the clerk-of-courts employee handbook. *Id*. at ¶ 17-19, 25. The clerk did provide part of the handbook to Ware at the end of January 2020, but the Ninth District found that the clerk should have provided the entire handbook or sent Ware an invoice requesting prepayment of the copying cost. *Id*. at ¶ 21-22. Even so, the Ninth District did not grant the writ compelling the clerk to provide the entire handbook to Ware, because she had already done so in July 2022. *Id*. at ¶ 23.

{¶ 12} As a final matter, the Ninth District held that Ware was not entitled to statutory damages. *Id*. at ¶ 26-36. Ware argued that statutory damages were appropriate because the clerk had failed to produce the requested records within a reasonable period as required by R.C. 149.43(B). According to Ware, he submitted his public-records requests by certified mail in January 2019 but the clerk took over a year to respond to the requests. The Ninth District disagreed, concluding that Ware had failed to prove by clear and convincing evidence that he requested the documents by certified mail in January 2019. 2023-Ohio-202 at ¶ 35-36.

{¶ 13} Ware appealed to this court as of right, but he challenges only the denial of statutory damages.

## ANALYSIS

{¶ 14} Ohio's Public Records Act requires a public office to make copies of public records available to any person upon request within a reasonable time. R.C. 149.43(B)(1). A requester who transmits a written and fairly described public-records request by an authorized delivery method is entitled to an award of statutory damages if a court determines that the public office or the person responsible for the public records failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2).

**{¶ 15}** Ware advances two propositions of law. In his first proposition of law, Ware challenges the Ninth District's finding that he had failed to demonstrate that he requested the documents by certified mail in January 2019. In his second proposition of law, Ware argues that because the clerk failed to comply with her obligation to produce the requested records within a reasonable period upon receiving his requests in January 2019, the Ninth District erred in denying him statutory damages under R.C. 149.43(C)(2). Because both propositions of law rest on Ware's claim that he delivered his public-records requests to the clerk in January 2019 by certified mail, we address them jointly.

**{¶ 16}** R.C. 149.43(C)(2) provides that a requester seeking statutory damages must prove that the public-records request was sent "by hand delivery, electronic submission, or certified mail * * * to the public office or person responsible for the requested public records." Ware submitted an affidavit with his summary-judgment motion averring that he sent his public-records requests by certified mail to the clerk in January 2019. Ware also relies on a copy of a certified-mail return receipt, which reflects that mail from Ware was delivered to the address for the Summit County clerk of courts on "1-22-19" and was signed for by "C.O.C." According to Ware, "C.O.C." means "clerk of courts," which proves that his written requests were delivered on January 22, 2019, to the public office or person responsible for the requested public records as required by R.C. 149.43(C)(2).

**{¶ 17}** For her part, the clerk provided an affidavit from an employee of the clerk's office who attested that she first received notice of Ware's public-records requests shortly after Ware filed his mandamus action against the clerk's office at the end of December 2019. The clerk also submitted an affidavit from an assistant prosecuting attorney from the Summit County Prosecutor's Office who averred that the clerk of courts had no record of Ware's public-records requests until January 2, 2020, when the clerk was served with the summons relating to Ware's mandamus complaint.

6

**{¶ 18}** Ware has the burden of proving by clear and convincing evidence that he delivered the public-records requests by certified mail on January 22, 2019, as he alleges. *See State ex rel. Pietrangelo v. Avon Lake*, 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419, ¶ 27. One problem for Ware is that he points to no evidence beyond his own assertion that "C.O.C." means clerk of courts. Ware's only argument on this point is set forth in his second proposition of law, in which he claims that the Summit County clerk of courts has a practice of signing certified-mail return receipts as "C.O.C." Ware asks that this court take judicial notice of *Homeless Charity v. Akron*, 9th Dist. Summit No. 29334, 2019-Ohio-5330, which he asserts is proof that the clerk's office signs for certified mail as "C.O.C." We reject Ware's invitation.

**{¶ 19}** In *Homeless Charity*, the Ninth District Court of Appeals considered whether the Homeless Charity had perfected an administrative appeal to the common pleas court from a decision of the Akron City Council. *See* R.C. 2505.04 (an administrative appeal is perfected when a notice of appeal is filed with the administrative officer or agency). The Homeless Charity had filed instructions with the Summit County clerk of courts requesting that certified-mail service of the notice of appeal be made upon the city of Akron's law director at the law director's address. *Homeless Charity* at ¶ 2. The clerk of courts' website indicated that service was made upon the law director, but the certified-mail return receipt indicated that the recipient of the certified mail was signed by "C.O.C." at the clerk of courts' address. *Id.* The court of appeals held that even if the notice of appeal had been served upon the law director, that would not have satisfied the filing requirement of R.C. 2505.04, because the Homeless Charity had to serve the Akron City Council to invoke the common pleas court's jurisdiction over the administrative appeal. *See id.* at ¶ 11, 14.

**{¶ 20}** Contrary to Ware's contention, the court of appeals did not conclude in *Homeless Charity* that the Summit County clerk of courts has a practice of

signing certified-mail receipts as "C.O.C." Although the court of appeals suggested that "C.O.C." could mean clerk of courts, it left that issue unresolved. After holding that service on the law director was not sufficient to invoke the common pleas court's jurisdiction, *see id.*, the court of appeals found moot the question whether the clerk of courts' failure to timely serve the notice of appeal on the law director terminated the common pleas court's jurisdiction, *id.* at ¶ 13-14. That is, the court of appeals declined to determine whether the clerk of courts served the law director—as indicated by the clerk's website—or whether the clerk of courts mistakenly served the notice of appeal on itself—as suggested by the certified-mail receipt. In short, we find that *Homeless Charity* does not support Ware's claim that the Summit County clerk of courts has a practice of signing certified-mail receipts as "C.O.C."

{¶ 21} But even were we to accept Ware's assertion that the clerk of courts signs certified-mail receipts "C.O.C," that would not be sufficient to establish that the envelope received by the clerk's office actually contained Ware's public-records requests. Indeed, public officials in several cases have testified that they received certified mail from Ware containing innocuous documents, such as random docket entries, and not the public-records request Ware claimed to have mailed to their offices.[2] We have denied statutory damages to Ware in at least one case that fits this pattern—when he swore that he had mailed a public-records request, but the public official denied receiving it. *See State ex rel. Ware v. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, ¶ 32-34 (denying

---

2. *See, e.g.*, *State ex rel. Ware v. Stone*, 5th Dist. Stark No. 2023CA00066, 2023-Ohio-3865, ¶ 21 ("The envelope delivered to the prosecutor's office on April 11, 2022, did not contain a public-records request"); *State ex rel. Ware v. Byrd*, 8th Dist. Cuyahoga No. 112488, 2023-Ohio-3158, ¶ 12 ("the Stark County Prosecutor's Office never received the public records request attached to Ware's complaint prior to the filing of the complaint"); *State ex rel. Ware v. Fankhauser*, 11th Dist. Portage No. 2023-P-0030, 2023-Ohio-3939, ¶ 4 ("respondent emphasizes that her office has *no* record of receiving the alleged request for records underlying this matter" [emphasis in original]).

statutory damages in part because the clerk's office "received only a single request and * * * a search of the office did not locate Ware's other six requests").

{¶ 22} We have held that when the evidence on the method-of-delivery of a public-records request consists of contradictory affidavits or is inconclusive, the requester has not satisfied his burden under R.C. 149.43(C)(2). *See Pietrangelo*, 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419, at ¶ 26-27; *see also Giavasis* at ¶ 32 (holding that when the evidence is evenly balanced, the requester has not satisfied the heightened burden of proof necessary for an award of statutory damages). In the end, Ware has failed to show by clear and convincing evidence that he delivered his public-records requests by certified mail on January 22, 2019. *See Pietrangelo* at ¶ 27. Accordingly, Ware's propositions of law lack merit.

## CONCLUSION

{¶ 23} Based on the foregoing, we affirm the judgment of the Ninth District Court of Appeals.

Judgment affirmed.

FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

KENNEDY, C.J., dissents, with an opinion.

_____

**KENNEDY, C.J., dissenting.**

{¶ 24} Because the majority uses evidence of other public-records requests outside the record of this case to deny appellant, Kimani Ware, statutory damages, I dissent. This case stands independent from Ware's other public-records-request cases and should be judged on its merits. Because Ware proved by clear and convincing evidence that he submitted public-records requests by certified mail in this case, and because appellee, Summit County Clerk of Courts Tavia Galonski, failed to provide in a timely manner the records Ware sought in those requests, I

would award Ware $1,000 in statutory damages under R.C. 149.43(C)(2). Because the majority fails to award Ware statutory damages, I dissent.

{¶ 25} To be entitled to an award of statutory damages, a public-records requester need only show that a written and fairly described request was transmitted by hand delivery, electronic submission, or certified mail to the public office responsible for the requested records and that the public-records holder failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2). Here, the only remaining issue is whether Ware demonstrated by clear and convincing evidence that he transmitted the public-records requests by certified mail to the Summit County clerk of courts in January 2019. Ware's evidence includes his affidavit that he submitted with his summary-judgment motion, in which he claims that he transmitted the public-records requests at issue by certified mail and that those requests were delivered on January 22, 2019. As further evidence, he relies on a certified-mail receipt that lists the "Summit County Courts of Clerk [sic]" as the addressee of the certified mail with the delivery address of "205 S. High St., Akron, OH 44308 Attn: 10 Public Request for Records [sic]." This side of the receipt also bears the signature of "C.O.C." with a delivery date of "1-22-19." On the other side of the receipt is the United States Postal Service tracking number 9590 9402 4371 8190 6966 91. Ware's evidence also includes copies of the ten public-records requests, and each request is dated January 14, 2019.

{¶ 26} The clerk submitted an affidavit from the office manager of the clerk's office, Jackie Ludle. Ludle states in that affidavit that had Ware's public-records requests reached the clerk's office, the requests would have been forwarded to her and she would have responded to them. The clerk also submitted a cover letter that was sent to Ware by an assistant prosecuting attorney from the Summit County Prosecutor's Office, in which the attorney states that the clerk's office did not receive the January 2019 requests and learned of Ware's requests only when he filed the mandamus action in December 2019. But there is no testimony from

anyone who regularly signs for certified mail at the clerk's office. Nor is there testimony or other evidence establishing that signing for certified mail with the initials "C.O.C." would be contrary to policies of the clerk's office.

{¶ 27} Instead of examining this evidence to determine whether Ware has proved by clear and convincing evidence that he transmitted the public-records requests by certified mail, the majority goes beyond the bounds of this case and relies on other cases involving Ware. But those cases highlight deficiencies both in the averments of the clerk and in the policies and procedures of the Summit County clerk's office relative to other public offices.

{¶ 28} For instance, in *State ex rel. Ware v. Fankhauser*, 11th Dist. Portage No. 2023-P-0030, 2023-Ohio-3939, the Portage County clerk of courts set forth evidence of an indexing process to which all time-stamped documents that office receives are subjected and denied that the alleged public-records request at issue was ever received because it was never indexed in that office's system. *Id.* at ¶ 27. In this case, however, there is no evidence of an indexing system at the Summit County clerk's office.

{¶ 29} In *State ex rel. Ware v. Stone*, 5th Dist. Stark No. 2023CA00066, 2023-Ohio-3865, ¶ 12-16, the Stark County Prosecutor's Office instituted a policy for monitoring and documenting any inmate mail received from Ware. In this case, there is no evidence that the Summit County clerk's office had such a policy regarding Ware in place.

{¶ 30} And in *State ex rel. Ware v. Byrd*, 8th Dist. Cuyahoga No. 112488, 2023-Ohio-3158, ¶ 20, employees of the Cuyahoga County clerk of courts and the Cuyahoga County prosecutor averred that their departments tracked incoming public-records requests. They also cited evidence from the mail log at Ware's institution that the certified-mail number for the request he claimed to have sent during a certain period did not appear on the log covering that period. Again, there is no evidence here that the Summit County clerk's office tracked incoming public-

records requests, and the clerk presented no testimony or other evidence concerning the mail log from Ware's institution.

{¶ 31} The clerk's only evidence that gets to the heart of the matter—delivery—is conclusory. The office manager claims in her affidavit that she would have responded to Ware's public-records requests had they been delivered to her. But there is no testimony regarding a policy in place that would ensure that a public-records request would necessarily make its way to her.

{¶ 32} I would hold that the certified-mail receipt reflecting the Summit County clerk of courts' acceptance of delivery of mail from Ware on January 22, 2019, together with Ware's sworn affidavit—that includes copies of his public-records requests—averring that he sent the requests by certified mail to the clerk, constitute clear and convincing evidence that the requests were transmitted by certified mail in January 2019. Because the clerk did not produce the records until after Ware filed a mandamus action in December 2019, I would award Ware $1,000 in statutory damages under R.C. 149.43(C)(2) for the clerk's failure to abide by the requirement in R.C. 149.43(B)(1) to timely respond to Ware's requests for public records. Therefore, I dissent from the majority's judgment affirming the Ninth District Court of Appeals' denial of statutory damages.

_____

Kimani Ware, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Marrett W. Hanna, Assistant Prosecuting Attorney, for appellee.

_____