[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Booth*, Slip Opinion No. 2024-Ohio-2102.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2102

THE STATE EX REL. WARE *v*. BOOTH.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Booth*, Slip Opinion No. 2024-Ohio-2102.]**

*Mandamus—Public-records requests—Motion for judgment on the pleadings denied—Alternative writ granted and case referred to master commissioner for full evidentiary hearing.*

(No. 2023-1293—Submitted December 12, 2023—Decided June 4, 2024.)

IN MANDAMUS.

_____

**DEWINE, J.**

{¶ 1} This matter comes before us on a motion for judgment on the pleadings in a public-records case. Kimani Ware has alleged that he requested certain records from Glenn Booth, the public-information officer at the Trumbull Correctional Institution ("TCI") and that Booth failed to provide the records. Booth has filed a motion for judgment on the pleadings, asserting, among other things,

that Ware has submitted fabricated evidence to the court. We deny the motion for judgment on the pleadings and instead grant an alternative writ. Pursuant to S.Ct.Prac.R. 12.10, we refer this case to a master commissioner to conduct a full evidentiary hearing on the request for a writ of mandamus. An evidentiary hearing will allow this court not only to determine whether a writ of mandamus is proper, but also whether Kimani Ware should be sanctioned for presenting fabricated evidence to this court.

### *Disputed facts and allegations of fraud*

{¶ 2} This is a classic "he said, she said" case. Ware claims that he personally provided a request for public records to Booth on August 5, 2022. According to the verified complaint, Booth "signed for [Ware's] hand delivered public records request" seeking seven records and "stated to [Ware] that he would process [Ware's] records request the following week." Ware says that he never received any records, and after writing Booth three letters to follow up, decided to sue him, seeking a writ of mandamus and statutory damages. He attached as Exhibit A to his complaint a "copy of the original" paper slip that Booth allegedly signed and insists that Booth "has the original ink copy in his possession."

{¶ 3} Booth swears that he "did **not** sign Relator's Exhibit A receipt, keep[] the original and mak[e] Relator a copy," and denies receiving any follow-up letters from Ware. (Emphasis in original.) According to him, the "signature, title, and date were all hand-written by me, but **not** on that document." (Emphasis in original.) He believes that "Exhibit A is a fraudulent alteration that inmate Ware has tampered with." Booth further explains that he "checked Kimani Ware's TCI institutional inmate account and did **not** locate any transaction or cash slip that was signed on or about August 5, 2022," meaning that he "would have **no** reason to have any interaction with inmate Ware on that date." (Emphasis in original.) According to Booth, he did not provide Ware with any records because he has

"never seen" the public-records request supposedly affiliated with the signed receipt "and it was never hand-delivered" to him.

### Judgment on the pleadings

**{¶ 4}** On its face, Ware's account seems farfetched. But none of the arguments presented by the assistant attorney general representing Booth provides a basis for judgment on the pleadings. The motion contends that Ware failed to verify his mandamus complaint, *see* R.C. 2731.04, with a proper affidavit, *see* R.C. 147.542. But a review of Ware's affidavit verifying the petition demonstrates that it satisfies all the statutory requirements.

**{¶ 5}** Booth also requests judgment on the pleadings because the evidence of delivery of Ware's public-records request is at best "evenly balanced" and thus "Ware has not met his heightened burden of proof." This argument evinces a failure to understand the pleading standard. A motion for judgment on the pleadings does not allow a court to weigh the evidence; instead, it simply tests the sufficiency of the complaint.[1] *See Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569-570, 664 N.E.2d 931 (1996). In deciding a motion for judgment on the pleadings, a court must accept Ware's factual allegations as true. *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, ¶ 26 (Brown, C.J., dissenting). Thus, we deny the motion for judgment on the pleadings.

### Evidentiary hearing

**{¶ 6}** Ordinarily, if we deny a motion to dismiss or a motion for judgment on the pleadings in a case like this one, we grant an alternative writ and adopt a

---

1. Booth's attorney also relies on the heightened federal pleading standard established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). However, this court has never adopted that standard. *See Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.*, 167 Ohio St.3d 390, 2021-Ohio-4096, 193 N.E.3d 536, ¶ 28 (DeWine, J., concurring).

schedule for briefing and the presentation of evidence. *See, e.g.*, *State ex rel. Speedway, L.L.C. v. Wray*, 152 Ohio St.3d 1418, 2018-Ohio-923, 93 N.E.3d 1000. Then we decide the case based on the paper record before us. *See, e.g.*, *State ex rel. New Wen, Inc. v. Marchbanks*, 159 Ohio St.3d 15, 2020-Ohio-63, 146 N.E.3d 545, ¶ 13.

**{¶ 7}** But this case counsels for a different approach. Booth alleges that Ware has committed fraud and has submitted a document styled "notice of relator's deceitful conduct." The document outlines a series of cases in which courts have found that Ware engaged in deceitful conduct similar to what is alleged here. It also reiterates Booth's request that we deem Ware a vexatious litigator. We have raised concerns about Ware's apparent abuse of the judicial process in the past. *See, e.g.*, *State ex rel. Ware v. Dept. of Rehab. & Corr.*, __ Ohio St.3d __, 2024-Ohio-1015, __ N.E.3d __, ¶ 48 (noting that record evidence "plausibly supports the allegations that Ware routinely lied in affidavits and court filings"); *see also State ex rel. Ware v. Dept. of Rehab. & Corr.*, __ Ohio St.3d __, 2024-Ohio-1015, __ N.E.3d __, ¶ 58 (DeWine, J., concurring in part and dissenting in part) (collecting cases showing that Ware often "attach[es] a fabricated public-records request to the complaint and alleg[es] that it had been ignored"); *State ex rel. Ware v. Galonski*, __ Ohio St.3d __, 2024-Ohio-1064, __ N.E.3d __, ¶ 21, fn. 2 (same); *State ex rel. Ware v. Vigluicci*, 172 Ohio St.3d 1473, 2024-Ohio-202, 225 N.E.3d 1052 ("parties ordered to address in their briefs, and permitted to present evidence as to, whether [Ware] should be sanctioned").

**{¶ 8}** Our rules authorize us to refer an original action to a master commissioner "for the presentation of evidence, hearings, and oral argument." S.Ct.Prac.R. 12.10; *see, e.g.*, *Mohamed v. Eckelberry*, 159 Ohio St.3d 1474, 2020-Ohio-4080, 150 N.E.3d 956 ("Matter referred to master commissioner * * * pursuant to S.Ct.Prac.R. 12.10, for the purpose of conducting a hearing."). In this case, either Booth is lying, or Ware is lying. The best way to get at the truth is to

conduct an evidentiary hearing. At such a hearing, witnesses—including Booth and Ware—may be called to testify and may be subject to cross-examination. And the master commissioner will be able to make determinations about the credibility of the witnesses.

**{¶ 9}** A full evidentiary hearing will allow us to decide whether a writ of mandamus is appropriate. And if the hearing establishes that Ware is in fact engaging in fraud, it will provide a basis for us to impose sanctions and take appropriate measures to protect the integrity of our judicial proceedings. We may sanction a party who files an action that we deem frivolous. *See* S.Ct.Prac.R. 4.03(A). We may also declare a party "who habitually, persistently, and without reasonable cause engages in frivolous conduct" to be a vexatious litigator. S.Ct.Prac.R. 4.03(B); *see, e.g.*, *State ex rel. Tingler v. Franklin Cty. Prosecutor's Office*, 169 Ohio St.3d 1449, 2023-Ohio-640, 204 N.E.3d 552, ¶ 1 (Fischer, J., concurring); *State ex rel. Johnson v. Bur. of Sentence Computation*, 159 Ohio St.3d 552, 2020-Ohio-999, 152 N.E.3d 251, ¶ 20.

### *Conclusion*

**{¶ 10}** We deny the motion for judgment on the pleadings. We grant an alternative writ. The matter is referred to a master commissioner for purposes of conducting an evidentiary hearing on the request for a writ of mandamus. This referral encompasses any related matters including, if necessary, a recommendation to this court for appropriate action under S.Ct.Prac.R. 4.03.

Motion denied

and alternative writ granted.

FISCHER, DONNELLY, BRUNNER, and DETERS, JJ., concur.

KENNEDY, C.J., concurs in judgment only in part and dissents in part and would not refer the case for a hearing.

STEWART, J., dissents from the judgment and opinion ordering an alternative writ and would grant respondent's motion for judgment on the pleadings.

_____

Kimani Ware, pro se.

Dave Yost, Attorney General, and John H. Bates, Assistant Attorney General, for respondent.

_____