[Cite as *Koz v. Newburgh Hts.*, 2025-Ohio-1555.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

ANN M. KOZ,                                          :

    Plaintiff-Appellee,          :

                          No. 114363

    v.                                    :

VILLAGE OF NEWBURGH HEIGHTS,   :

    Defendant-Appellant.        :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 1, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-962324

---

### *Appearances:*

Dworken & Berstein Co., LPA, Frank A. Bartela, Patrick J. Perotti, and Nicola T. Fiorelli; Gugliotta & Gugliotta, L.P.A., John D. Gugliotta, and Nathan J. Gugliotta, *for appellee.*

Nicola, Gudbranson & Cooper, LLC, Michael E. Cicero, and John B. Moenk, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} The Village of Newburgh Heights ("the Village") appeals the trial court's decision denying its motion for judgment on the pleadings, in which the Village asserted immunity under R.C. Ch. 2744 against Ann M. Koz's claims for

unjust enrichment. Koz, individually and on behalf of a putative class of similarly situated individuals, alleges that the Village improperly issued traffic citations that were contrary to law and, through that allegation, seeks return of the monies retained by the Village. For the following reasons, we affirm.

{¶ 2} In July 2019, the General Assembly enacted legislation that in part conferred municipal courts with exclusive jurisdiction over all civil actions concerning traffic-law violations. *Newburgh Hts. v. State*, 2022-Ohio-1642, ¶ 3, citing R.C. 1901.18(A)(14), 1907.02(C), and 1901.20(A)(1). Koz and the putative class of similarly situated persons were issued traffic citations using the Village's automated traffic camera system between July 3, 2019, and August 31, 2020. Most paid the citation, resulting in the Village receiving over $3 million during that 13-month span. The money was retained by the Village, except for the not-so-insignificant portion of the fines that were transferred to Sensys Gatso USA, Inc., the out-of-state organization in charge of the automated traffic camera system. Sensys Gatso USA is also named as a defendant in the underlying action.

{¶ 3} During the relevant period, however, the Village's citation scheme only permitted traffic-violation challenges through an "administrative hearing," which was contrary to the modifications in Ohio law. *State ex rel. Magsig v. Toledo*, 2020-Ohio-3416. *See also* R.C. 1901.18(A)(14), 1907.02(C), and 1901.20(A)(1). The Village challenged various provisions of the then newly enacted laws with varying degrees of success. *Newburgh Hts. v. State*, 2021-Ohio-61 (8th Dist.). Importantly,

all challenges to the municipal court's exclusive jurisdiction were overruled. *Id*. at ¶ 3, 53, 79.

**{¶ 4}** The Village filed a motion for judgment on the pleadings in which it argued that the Village was immune from liability under R.C. Ch. 2744 and that judgment should be entered upon all claims because the Village alleged in its unverified answer that it commingled funds. According to the Village's form of logic, because it averred that the funds can be no longer traced, Koz's unjust-enrichment claims fail as a matter of law. In other words, the Village essentially maintains that unsubstantiated factual allegations in an answer must be deemed true for the purposes of Civ.R. 12(C). The Village's argument is misplaced and not supported by any citation to authority. Simply alleging a fact of consequence within an answer does not relieve the defendant of the burden of proving that fact through evidentiary submissions.

**{¶ 5}** "A motion for judgment on the pleadings pursuant to Civ.R. 12(C) raises *only questions of law* that are reviewed under a de novo standard of review." (Emphasis added.) *Jordan v. Giant Eagle Supermarket*, 2020-Ohio-5622, ¶ 20 (8th Dist.), citing *Cohen v. Bedford Hts.*, 2015-Ohio-1308, ¶ 7 (8th Dist.), and *Shingler v. Provider Servs. Holdings, L.L.C.*, 2018-Ohio-2740, ¶ 17 (8th Dist.). "A motion for judgment on the pleadings does not allow a court to weigh the evidence; instead, it simply tests the sufficiency of the complaint." *State ex rel. Ware v. Booth*, 2024-Ohio-2102, ¶ 5, citing *Rayess v. Educational Comm. for Foreign Med. Graduates*, 2012-Ohio-5676, ¶ 18, and *State ex rel. Midwest Pride IV, Inc. v.*

*Pontious*, 1996-Ohio-459. Courts must accept the factual allegations in the complaint as being true. *Id.*, citing *Kincaid v. Erie Ins. Co.*, 2010-Ohio-6036, ¶ 26 (Brown, C.J., dissenting). Based on the notice-pleading standard, courts do not extend that notion to the allegations of fact first asserted in an answer, which must be supported with evidence when appropriate. *Id.*[1] "A motion for judgment on the pleadings requires a determination that *no material factual issues exist* and the movant is entitled to judgment as a matter of law." (Emphasis added.) *Holmes v. Cuyahoga Community College*, 2021-Ohio-687, ¶ 29 (8th Dist.), citing *Burnside v. Leimbach*, 71 Ohio App.3d 399, 402-403 (10th Dist. 1991).

{¶ 6} There are two important issues to discuss impacting our review of the denial of the Village's motion for judgment on the pleadings. First and foremost, the Village has not timely preserved political-subdivision immunity as an affirmative defense. *Argabrite v. Neer*, 2016-Ohio-8374, ¶ 44 (political-subdivision immunity "is an affirmative defense that prevents a judgment against a political subdivision or an employee of the political subdivision in some circumstances"). Immunity may be waived if not timely asserted in the initial pleading or a pre-answer motion. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 2013-Ohio-2410, ¶ 19; *see also Brenson v. Dean*, 2022-Ohio-2228, ¶ 15 (10th Dist.). It was not

---

[1] We acknowledge that this proposition was first announced in a dissenting opinion in *Kincaid* at ¶ 26. However, a unanimous decision from the Ohio Supreme Court adopted that proposition as binding. *Booth* at ¶ 5.

until the Village filed its motion for judgment on the pleadings that it attempted to assert immunity as to the unjust-enrichment claims.

{¶ 7} It appears the Village initially appeared to understand the general rule that political-subdivision immunity does not apply to unjust-enrichment claims. Before answering the amended complaint,[2] the Village filed a partial motion to dismiss, limited to the fraud claim based on R.C. Ch. 2744 immunity. The Village did not seek dismissal of the claims sounding in unjust enrichment. Koz and the putative class, however, voluntarily abandoned the fraud claim in the second amended complaint. In its answer to the second amended complaint, the Village failed to assert immunity as a defense to the plaintiffs' remaining claims, which were the same unjust-enrichment claims originating in the initial complaint. Even if, for the sake of discussion, it is presumed that the Village preserved the immunity defense as to all claims in the motion to dismiss, that defense was abandoned in the Village's answer to the second amended complaint. *See Krieger v. Cleveland Indians Baseball Co.*, 2008-Ohio-2183, ¶ 30 (8th Dist.), *overturned on other grounds, Oliver v. Cleveland Indians Baseball Co. Ltd. Partnership*, 2009-Ohio-5030 (noting that the omission of claims or parties in amended pleadings constitutes abandonment of those claims); *see also Hudson v. State*, 2018-Ohio-2392, ¶ 10 (9th Dist.) (concluding that an amended pleading supplants the original, "which is then totally abandoned").

---

[2] The amended complaint was filed before the Village filed a responsive pleading.

{¶ 8} The Village's failure to preserve immunity as a defense to the unjust-enrichment claims in the second amended complaint is reason enough to affirm the trial court's decision — the Village waived its right to assert statutory immunity through its failure to preserve the affirmative defense in its answer. *Id.* at ¶ 19.

{¶ 9} But beyond that observation, there are limitations to the scope of appellate review largely ignored by the Village. An order denying a motion for judgment on the pleadings is generally not a final appealable order subject to appellate review. That is, of course, unless the order denies the political subdivision of the benefits of immunity. R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of any alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Appellate jurisdiction, however, is solely limited to the immunity question. It does not extend to reviewing the underlying merits of the claims advanced in the complaint or to resolving factual disputes.

{¶ 10} The Village's entire argument focuses on the merits of the second amended complaint. In other words, the Village claims in this appeal that the unjust-enrichment claim will fail based on the unsubstantiated, unverified allegation that the monies obtained by the Village were commingled and untraceable and, therefore, not recoverable through equitable or quasi-contractual principles. *See, e.g., Musial Offices, Ltd. v. Cty. of Cuyahoga*, 2020-Ohio-5426, ¶ 43 (8th Dist.) (because the equitable relief sought in the unjust-enrichment claim really presented a claim for legal restitution, the county was entitled to summary judgment without

regard to immunity based on the undisputed evidence presented under Civ.R. 56). Any discussion regarding whether the claims are equitable or legal ones is well beyond our jurisdiction to resolve in this interlocutory appeal because it addresses the merits of the claims presented, not the question of immunity. *See id.* It is well settled that the only question to be answered in this appeal is whether the Village was wrongfully denied the benefits of immunity conferred under R.C. Ch. 2744 as applied to the allegations advanced in the complaint. *Gates v. Leonbruno*, 2016-Ohio-5627, ¶ 30 (8th Dist.), citing *Reinhold v. Univ. Hts.*, 2014-Ohio-1837, ¶ 21 (8th Dist.). Tellingly, the Village does not focus on immunity, but on the question of whether Koz can prove her claim.

{¶ 11} With respect to that immunity question, Koz asserted claims for unjust enrichment — that the Village was unjustly enriched by its issuance of tickets that required an illegal process to contest the tickets and that money should be returned. Unjust enrichment sounds in equity. On that point, the law is clear: "sovereign immunity does not bar claims for equitable relief, only for legal relief." *Cleveland v. Bur. of Workers' Comp.*, 2020-Ohio-337, ¶ 10 ("*Cleveland v. BWC*"). Further, "courts have held that because political-subdivision immunity only applies to tort claims, the defense is inapplicable to claims to recover improperly collected taxes and fines." *Coventry Courts, LLC v. Cuyahoga Cty.*, 2023-Ohio-1037, ¶ 18 (8th Dist.), citing *LaBorde v. Gahanna*, 2015-Ohio-2047, ¶ 18 (10th Dist.). The second amended complaint alleges claims for unjust enrichment based on the improper imposition of fines, and those claims, if proven, are not subject to

immunity. *State ex rel. Fatur v. Eastlake*, 2010-Ohio-1448, ¶ 29-47 (11th Dist.) (political-subdivision immunity only applies to tort claims); *Bratton v. Couch*, 2003-Ohio-3743, ¶ 34 (5th Dist.); *Barrow v. New Miami*, 2018-Ohio-217 (12th Dist.).

{¶ 12} In an effort to obtain a summary exit from this litigation, the Village cites *Black v. Girard*, 2023-Ohio-266, ¶ 36 (11th Dist.), as supposedly standing for the proposition that a trial court has authority to grant a judgment on the pleadings under Civ.R. 12(C) because R.C. Ch. 2744 precludes equitable claims when those claims can be demonstrated to be legal in nature. *Black* says no such thing and is not even binding authority in this district. Nevertheless, the *Black* panel concluded that because the political subdivision presented undisputed evidence that funds were not traceable and identifiable, the equitable claims advanced by the plaintiffs failed as a matter of law. As a result of that conclusion, the panel affirmed the granting of summary judgment in the defendants' favor. *Id.*; *see also Musial Offices* at ¶ 43 (noting there was undisputed evidence presented to demonstrate the untraceability of the funds); *Barton v. Cty. of Cuyahoga*, 2020-Ohio-6994, ¶ 1 (8th Dist.) (concluding that the undisputed evidence presented through Civ.R. 56 demonstrated no genuine issues of material fact that the county was entitled to judgment as a matter of law on the statutory claim for unlawful retention of forfeited funds). Factual questions, such as those discussed in *Black*, cannot be resolved in a motion for judgment on the pleadings. *Holmes*, 2021-Ohio-687, at ¶ 29; *Cleveland v. BWC* at ¶ 19 (noting that the evidentiary-based issue of whether a claim was legal

or equitable in nature arose following a bench trial in determining whether the Court of Claims had exclusive jurisdiction over the claims). Because the Village cannot use a motion for judgment on the pleadings to prove the truth of its factual allegation, any discussion as to whether the funds were commingled and the effects of that fact on the claims for relief in the second amended complaint would be premature.

{¶ 13} In short, the trial court "must construe the material allegations in the complaint, with all reasonable inferences drawn therefrom, as true and in favor of the non-moving party." *Wood v. Dunn*, 2025-Ohio-242, ¶ 23 (5th Dist.), citing *State ex rel. Leneghan v. Husted*, 2018-Ohio-3361, ¶ 17. Notwithstanding the fact that the trial court may consider the answer and any affirmative defenses, the allegations first raised in an answer are not entitled to any inferences in the moving party's favor. *Id.*, citing *Ganzhorn v. R & T Fence Co.*, 2011-Ohio-6851, ¶ 13 (11th Dist.). Any evidentiary arguments concerning Koz's claims go to the merits of the claim. Such an inquiry requires a review of evidence that cannot occur in the procedural posture of this appeal. Because of this limitation, the trial court, even had the Village timely asserted political-subdivision immunity as a defense, correctly denied the Village's motion.

{¶ 14} The sole assignment of error is overruled. Because the Village failed to assert immunity as an affirmative defense and presented a factual question as the basis of the immunity defense, the trial court did not err in denying the motion for judgment on the pleadings.

{¶ 15} We affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, P.J., and
MARY J. BOYLE, J., CONCUR