[Cite as *Wood v. Dunn*, 2025-Ohio-242.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SARA E. WOOD, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants | Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| GARY K. DUNN, ET AL. | Case No. 24 CAE 08 0053 |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Delaware County Court
of Common Pleas, Case No. 22 CVH 08
0420

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    January 27, 2025

APPEARANCES:

For Plaintiffs-Appellants

LUTHER L. LIGGETT, JR.
5053 Grassland Drive
Dublin, Ohio 43016

For Defendant-Appellee Dunn

JERRY E. PEER, JR.
Peterson Connors
545 Metro Place South, Suite 435
Dublin, Ohio 43017

For Defendants-Appellees for Richards
And Ponzio

ALLISION L. HARRISON
LIZETT M. SCHREIBER
ALH Law Group
100 E. Broad Street, Suite 320
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1}   Plaintiffs-appellants Sarah E. Wood and Brian K. Wood appeal the August 20, 2024 Final Judgment Entry entered by the Delaware County Court of Common Pleas, which terminated their case against defendants-appellants Gary K. Dunn, AnnaLeisa Richards, and EmmaLee Ponzio.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellees Richards and Ponzio are the managing members and owners of Maple Craft, LCC ("Maple Craft").  Appellee Dunn, as the sole employee of Maple Craft, was authorized to operate the day-to-day activities of the business. Appellee Dunn is the father of Appellees Richards and Ponzio.

{¶3}   On November 29, 2021, Appellants entered into an agreement with Maple Craft for the construction of a home on a 2.410-acre lot in Delaware County, Ohio, for the purchase price of $434,255.00.  Construction on the home was scheduled to begin on or about January 17, 2022, and be completed within 210 days, or August 15, 2022. Construction began as scheduled.

{¶4}   On April 26, 2022, Appellee Dunn requested Appellants pay in advance of work completed.  According to Appellants, Appellee Dunn submitted false invoices and payment affidavits, which misrepresented subcontractors had been paid for the work to be performed.  Appellants paid Maple Craft $103,803.90, in reliance on Appellee Dunn's representations. Appellants made the payment to Maple Craft with the expectation the company would pay the subcontractors. Although Maple Craft had incurred $61,301.90, in expenses relating to the construction of Appellants' home, Maple Craft paid only

$2,884.02, from Appellants' $103,803.90 deposit to subcontractors or on invoices for materials.

**{¶5}** In an email dated May 31, 2022, Appellee Dunn advised Appellants of Maple Craft's intention to cease all work on the construction of the home. Appellee Dunn explained:

> [O]ur cash flow has been very difficult over the last few months * * * In other words after all money is collected from you and your lender and then paid out to subs and vendors we will still owe almost $1,200,00, with no money to pay.   * * * At this point Maple Craft has no money.  With no funds and facing that insurmountable deficit there is no other course of action than to cease operations immediately.
>
> June 6, 2021 Amended Complaint.

**{¶6}** On July 15, 2022, Maple Craft filed for dissolution, and the company was placed in receivership. See, Docket, *In re Dissolution of Maple Craft, LLC*, Franklin County Court of Common Pleas No. 22-CV-004868. After the receiver filed his final accounting and all of Maple Craft's assets had been distributed, the Franklin County Court of Common Pleas dismissed the matter on June 5, 2023.  Unpaid subcontractor invoices for work done on Appellants' home totaled $58,417.00. On August 5, 2022, a subcontractor filed a Mechanic's Lien against Appellants' property.  Ultimately, Appellants engaged a new contractor to complete the construction.   The cost to complete the construction was higher than the price Appellants agreed to with Maple Craft.

{¶7} On August 11, 2022, while the dissolution matter was pending, Appellants filed a complaint against Appellee Dunn. Appellants filed an amended complaint on June 21, 2023, adding Appellees Richards and Ponzio as defendants. The amended complaint asserted claims for unjust enrichment and fraud, and sought to hold Appellees personally liable through the piercing of the corporate veil of Maple Craft. Appellees Richards and Ponzio filed an answer and cross-claim against Appellee Dunn on July 19, 2023. The cross-claim against Appellee Dunn raised claims of fraud, misrepresentation, and breach of fiduciary duty.

{¶8} On August 22, 2023, Appellees filed a joint motion for judgment on the pleadings. Via Judgment Entry filed October 16, 2023, the trial court granted the motion for judgment on the pleadings as to Appellees Richards and Ponzio, but denied the motion as to Appellee Dunn. The trial court found Appellants did not allege facts sufficient to show the corporate veil should be pierced as to Appellees Richards and Ponzio. The trial court further found Appellee Dunn could be held personally liable, and Appellants had alleged facts sufficient to show Appellee Dunn may have committed fraud or may have been unjustly enriched.

{¶9} On October 30, 2023, Appellants filed a motion for summary judgment against Appellee Dunn on the remaining claims of fraud and unjust enrichment. Via Judgment Entry filed January 2, 2024, the trial court denied Appellants' motion. The trial court found genuine issues of material fact remain regarding whether Appellee Dunn committed fraud. The trial court further found the undisputed facts did not establish Appellee Dunn was unjustly enriched at the expense of Appellants.

{¶10} At a pre-trial on May 13, 2024, counsel for Appellants was provided with a copy of an agreed judgment entry between Appellees Richards and Ponzio and Appellee Dunn, in which Appellee Dunn confessed judgment in favor of Appellees Richards and Ponzio on the cross-claim in the amount of $175,000. Counsel for Appellants voiced his objection, and on May 14, 2024, filed a written objection to the entry. The agreed judgment entry was never filed.

{¶11} On May 15, 2024, Appellants filed a motion for reconsideration of the trial court's October 16, 2023 judgment entry granting judgment on the pleadings in favor of Appellees Richards and Ponzio. Appellants set forth three arguments in support of their motion. First, Appellants requested the trial court reconsider its decision in light of a decision in a similar case against Appellees in Franklin County, in which the trial court denied Appellees Richards and Ponzio's motion for judgment on the pleadings. Next, Appellants argued the trial court misapplied the legal standard by failing to construe the allegations in Appellants' amended complaint as true in reaching its conclusion Appellants did not allege valid claims against Appellees Richards and Ponzio. Appellants further asserted discovery in the case revealed Appellees were engaged in a pyramid scheme and this newly discovered evidence warranted the trial court vacating its decision dismissing Appellees Richards and Ponzio.

{¶12} Via Judgment Entry filed July 25, 2024, the trial court denied Appellants' motion. The trial court found the Franklin County case did not call into doubt its decision as it had made an independent determination Appellants did not allege facts indicating Appellees Richards and Ponzio, either directly or through control of Appellee Dunn, engaged in action which could lead to the piercing of the corporate veil of Maple Craft.

The trial court also found consideration of Appellees Richards and Ponzio allegation Appellant Dunn alone operated Maple Craft was not improper. The trial court added consideration of that allegation was not inconsistent with its duty to construe the material allegations in the complaint as true. Further, the trial court found discovery of evidence Appellants contend indicates Appellees were engaged in a pyramid scheme did not change its conclusion the corporate veil could not be pierced as to Appellees Richards and Ponzio.

{¶13} The matter with respect to Appellants and Appellee Dunn was scheduled for trial on August 20, 2024. On August 14, 2024, Appellant and Appellee Dunn filed stipulations of fact and liability. Appellee Dunn admitted liability, including specifically admitting to statutory damages for violations of R.C. Chapter 4722, the Home Construction Services Law, unjust enrichment, fraud, and personal liability. Appellee Dunn admitted damages in the amount of $201,603.53, punitive damages in amount of $1.00, statutory interest, and reasonable attorney fees. The parties stated the stipulation was intended to conclude and terminate the case as to Appellants and Appellee Dunn with the filing of a final, appealable order. On August 15, 2024, Appellants filed a motion to dismiss the cross-claim as moot. The following day, Appellees filed a motion to strike the motion to dismiss.

{¶14} Via Agreed Judgment Entry filed on August 19, 2024, the trial court entered judgment against Appellee Dunn and in favor of Appellees Richards and Ponzio on the cross-claim. Pursuant thereto, Appellee Dunn stipulated and admitted personal liability to Appellants, and confessed judgment on the cross-claim in favor of Appellees Richards and Ponzio in the amount of $100,000.00. On the same day, Appellants filed an objection

to the agreed judgment entry and a response to Appellees' motion to strike. The trial court filed a judgment entry on August 20, 2024, denying Appellants' motion to dismiss the cross-claim, denying Appellees' motion to strike Appellants' motion to dismiss, and denying Appellants' objections to the agreed judgment entry between Appellees.

{¶15} Via Final Judgment Entry filed August 20, 2024, the trial court terminated the case. Therein, the trial court noted the August 14, 2024 Stipulations between Appellants and Appellee Dunn, its October 16, 2023 Judgment Entry granting judgment on the pleadings to Appellees Richards and Ponzio, and the August 19, 2024 Agreed Judgment Entry between Appellees Richards and Ponzio and Appellee Dunn relative to the cross-claim.

{¶16} It is from this judgment entry Appellants appeal, raising the following assignments of error:


I. THE TRIAL COURT ERRED BY CONSIDERING DEFENDANTS' DENIALS OF FACT IN RULING ON THE MERITS FOR JUDGMENT ON THE PLEADINGS.

II. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' AGREED JUDGMENT ENTRY OVER WOODS' OBJECTIONS THAT THE JUDGMENT IS UNSUPPORTED BY ANY PLEADING OR FACT.

I

**{¶17}** In their first assignment of error, Appellants maintain the trial court erred when it considered Appellees Richards and Ponzio's denials of fact in ruling on the merits of Appellees' joint motion for judgment on the pleadings.

*Standard of Review*

**{¶18}** We review a trial court's decision to grant judgment on the pleadings de novo. *Euvrard v. The Christ Hosp.*, 141 Ohio App.3d 572, 575 (1st Dist. 2001).

**{¶19}** Civ.R. 12(C) allows any party to move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings tests the sufficiency of a complaint and is restricted solely to the allegations in the pleadings. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001), quoting *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973). The "pleadings" consist of the complaint, the answer, and any attached written instruments. Civ.R. 7(A); Civ.R. 10(C). Written instruments are "documents that evidence the parties' rights and obligations, such as negotiable instruments, 'insurance policies, leases, deeds, promissory notes, and contracts.' " *State ex rel. Leneghan v. Husted*, 2018-Ohio-3361, ¶ 17, quoting *Inskeep v. Burton*, 2008-Ohio-1982, ¶ 17 (2nd Dist.).

**{¶20}** A court is permitted to consider both the complaint and the answer as well as any material incorporated by reference or attached as exhibits to those pleadings when ruling on a motion for judgment on the pleadings. *Orwell Nat. Gas Co. v. Fredon Corp.*, 2015-Ohio-1212, ¶ 18 (11th Dist.). In so doing, the court must construe the material allegations in the complaint, with all reasonable inferences drawn therefrom, as true and in favor of the non-moving party. *Id.* "[W]hile we construe all of the allegations as true in

the complaint, and we may *consider* the responses and affirmative defenses raised in the answer, those are not entitled to any inferences." (Emphasis in original.) *Ganzhorn v. R & T Fence Co.*, 2011-Ohio-6851, ¶ 13 (11th Dist.). "In order to be entitled to a dismissal under Civ.R. 12(C), it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor." (Citation omitted.) *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74 (2002).

{¶21} Appellants cite *Gilman v. Physna, LLC,* 2021-Ohio-3575 (1st Dist.), for the proposition a defendant's denials are an improper basis for dismissal. We find *Gilman* does not stand for such a proposition and is distinguishable from the instant action. In *Gilman*, the trial court granted the defendants' motion for judgment on the pleadings. *Id.* at ¶ 1. In doing so, the trial court relied upon financial records attached to the defendants' answer. *Id.* at ¶ 2. The *Gilman* Court found the financial records were not a "written instrument" under Civ.R. 10(C) and could not be considered when ruling on a motion for judgment on the pleadings. *Id.* at ¶ 21. The *Gilman* Court concluded the defendants' financial records were improper grounds for granting a judgment in its favor. *Id.* We find the trial court herein did not rely upon any material not in conformance with Civ.R. 7(A) and Civ.R. 10(C).

*Piercing the Corporate Veil*

{¶22} Appellants argue the trial court misapplied the legal test for piercing the corporate veil by considering factual assertions in Appellees Richards and Ponzio's answer when it assessed whether Appellants had viable claims against Appellees.

Appellants point to the following determination by the trial court in its October 16, 2023 Journal Entry:

> * * Richards and Ponzio assert that Dunn alone operated the company for several years because he could not hold the LLC in his own name, an assertion supported by the Woods' own allegation that Dunn was the primary point of communications regarding the alleged fraudulent or illegal acts (Defs. Richards and Ponzio's 7/19/23 Answer and Cross-Claim, at Cross-Claim ¶¶ 2, 4, 7.)
>
> *Id.* at pp. 5-6.

{¶23} To reiterate, in ruling on a Civ.R. 12(C) motion, a court is restricted solely to the allegations in the pleadings. (Citation omitted.) *Whaley*, 92 Ohio St.3d at 581. The "pleadings" consist of the complaint, the answer, and any attached written instruments. Civ.R. 7(A); Civ.R. 10(C). Written instruments are "documents that evidence the parties' rights and obligations, such as negotiable instruments, 'insurance policies, leases, deeds, promissory notes, and contracts.' " (Citation omitted.) *State ex rel. Leneghan v. Husted*, 2018-Ohio-3361, ¶ 17. The court must construe the material allegations in the complaint, with all reasonable inferences drawn therefrom, as true and in favor of the non-moving party. *Id.* In addition, the trial court may consider the responses and affirmative defenses raised in the answer, however, those are not entitled to any inferences. *Ganzhorn v. R & T Fence Co.*, 2011-Ohio-6851, ¶ 13 (11th Dist.). We find the trial court did not err in considering Appellees Richards and Ponzio's allegation Appellee Dunn alone operated

Maple Craft, and in construing as true Appellants' allegation Appellee Dunn was the primary point person in their dealings with Maple Craft. The two facts are not conflicting.

**{¶24}** "A fundamental rule of corporate law is that, normally, shareholders, officers, and directors are not liable for the debts of the corporation." *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.,* 67 Ohio St.3d 274, 287 (1993). The general rule is corporate actors are not held personally liable for acts of the corporation *merely* by reason of their relationship to the corporation. However, they are not absolutely immune. *Dombroski v. WellPoint, Inc.,* 2008-Ohio-4827, ¶ 17.

**{¶25}** One exception to the general limited liability rule allows the corporate form to be disregarded and the corporate veil pierced in order to reach the assets of the corporation's individual shareholders. *Belvedere,* 67 Ohio St.3d at 287, 617 N.E.2d 1075. Piercing the veil is considered a rare exception, with limited liability for shareholders being the rule. *Dombroski,* 2008-Ohio-4827, at ¶ 26. The purpose of holding an individual shareholder liable for certain corporate misdeeds is because "it would be unjust to allow the shareholders to hide behind the fiction of the corporate entity." *Belvedere,* 67 Ohio St.3d at 287.

**{¶26}** There are three mandatory elements to pierce the corporate veil: (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own; (2) the control by those to be held liable was exercised in such a manner as to commit fraud, an illegal act, or a similarly unlawful act; and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Dombroski,* 2008-Ohio-4827, at ¶¶ 18, 27, 29.

**{¶27}** The only allegations specific to Appellees Richards and Ponzio in the amended complaint are as follows:

3. AnnaLiesa Dunn Richards is a Managing Member and owner of Maple Craft, LLC at all times relevant herein.

4. EmmaLee Lynn Ponzio is a Managing Member and owner of Maple Craft, LLC at all times relevant herein.

7. Undisclosed to Plaintiffs when they signed the Agreement, Maple Craft was insolvent in 2020 and 2021, as disclosed by Maple Craft's Tax Returns for which Defendant AnnaLiesa Dunn Richard was tax partner, reporting over a negative $2 million in the members' capital accounts in 2020 and 2021.

13. Bank records disclose regular payments from Maple Craft's funds for Defendants' personal expenses, including regular payments to Defendant Managing Member AnnaLiesa Dunn Richards in 2022 totaling the amount of $43,790.00.

16. The LLC Members maintained no corporate formalities, no annual election of officers, or determination of authority. The only corporate resolution was dated May, 2014, to authorize Defendant Dunn to enter into real estate transactions. * * * Thus, the company was a mere shell, used as an alter ego of the owners.

June 21, 2023 Amended Complaint.

**{¶28}** On these allegations alone, we agree with the trial court Appellants failed to set forth sufficient facts in the amended complaint to establish the corporate veil should be pierced as to Appellees Richards and Ponzio. Appellants did not assert any of the mandatory elements to pierce the corporate veil. Appellants failed to allege Appellees Richards and Ponzio controlled Maple Craft so completely Maple Craft did not have a separate mind, will, or existence of its own; Appellee Richards and Ponzio's control was exercised in such a manner as to commit fraud, an illegal act, or a similarly unlawful act; and Appellants suffered injury or unjust loss as a result of Appellee Richards and Ponzio's control and wrong.

**{¶29}** Appellants also alleged Maple Craft did not maintain corporate formalities, hold annual elections of officers, or have a determination of authority, and the company was a "mere shell, used as an alter ego of the owner." Amended Complaint at ¶ 16. However, "[t]he failure of a limited liability company or any of its members to observe any formalities relating to the exercise of the limited liability company's powers or the management of its activities is not a factor to consider in, or a ground for, imposing liability on the members for the debts, obligations, or liability of the limited liability company." R.C. 1706.26.

*Unjust Enrichment*

**{¶30}** Appellants further claimed regular payments were made from Maple Craft to the personal bank accounts of Appellees. Amended Complaint at ¶ 13. Appellants submit a jury should determine whether Appellees intended to use the payments Appellants made and divert the cash for purposes other than building their home. Brief of Appellant at p. 16. What a jury might or might not ultimately decide is not part of the

trial court's determination when considering a motion for judgment on the pleadings. The purpose of a Civ.R. 12(C) motion for judgment on the pleadings is to resolve questions of law. (Citations omitted.) *Toman v. Humility of Mary Health Partners,* 2014-Ohio-4417, ¶ 9 (7th Dist.).

**{¶31}** To establish a claim for unjust enrichment a plaintiff must demonstrate: (1) a benefit conferred by a plaintiff upon a defendant, (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Robinette v. PNC Bank*, 2016-Ohio-767, ¶ 23 (5th Dist.), citing *Hambleton v. R.G. Barry Corp.,* 12 Ohio St.3d 179, 183 (1984).

**{¶32}** Appellants' amended complaint lacks substantive allegations Appellees Richards and Ponzio, either through their own actions or through their control of Appellee Dunn, committed any purportedly fraudulent or illegal acts for their own financial benefit. The actions Appellants allege were fraudulent and/or unjustly enriched Appellees were performed or taken by Appellee Dunn. Appellants made no claim Appellee Dunn acted at the direction or the behest of Appellees Richards and Ponzio.

**{¶33}** Appellants further submit, because Appellee Dunn could not operate the company when he could not hold an LLC in his own name, Appellees Richards and Ponzio's appointment of Appellee Dunn as Maple Craft's agent only bestowed limited authority on Appellee Dunn; therefore, Appellees Richards and Ponzio remained in financial control. Appellants add the trial court's finding Appellee Dunn was the primary point of communications did "not exclude other tortious behavior as corporate officers, including fraudulent acts, or unjust enrichment by [Appellees Richards and Ponzio]." Brief of Appellants at p. 14. Appellants conclude, because Appellee Dunn was their agent,

Appellees Richards and Ponzio were responsible for his actions under the doctrine of respondeat superior. We find Appellants did not set forth these allegations in their amended complaint. Further, Appellants did not pursue the theory of respondeat superior in their amended complaint; therefore, they have waived this argument on appeal.

*Motion for Reconsideration*

**{¶34}** Appellants did not separately assign as error the trial court denial of their motion for reconsideration as required by App. R. 12(A). App. R. 12(A) provides, "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)."

**{¶35}** In their motion for reconsideration, Appellants asked the trial court to reconsider its decision on Appellees' joint motion for judgment on the pleadings based upon discovery obtained subsequent to the October 16, 2023 Journal Entry. The discovery included emails and tax documents which Appellants assert suggest Appellees were engaged in a pyramid scheme.

**{¶36}** "A trial court's determination on a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings, as well as the documents attached and incorporated into the pleadings." *Green Tree Servicing, L.L.C. v. Olds,* 2015-Ohio-3214, ¶ 22 (9th Dist.). A trial court may not consider evidence which goes beyond the scope of the pleadings in ruling on a Civ.R. 12(C) motion. *Ortiz v. Smith-Walker*, 2024-Ohio-2298, ¶ 21 (9th Dist.). We find the trial court properly disregarded the new evidence in denying Appellants' motion for reconsideration.

**{¶37}** Based upon the foregoing, Appellants' first assignment of error is overruled.

II

**{¶38}** In their second assignment of error, Appellants contend the trial court erred in granting Appellees' agreed judgment entry over Appellants' objections.

**{¶39}** "The approval of a settlement agreement rests in the sound discretion of the trial court." *State ex rel. Republic Serv. of Ohio II v. Pike Twp. Bd. of Trustees*, 2007-Ohio-2086, ¶ 68 (5th Dist.). "Settlement agreements are binding 'only upon [parties to the agreement] and not upon a third person.' " *Calypso Asset Mgt., L.L.C. v. 180 Indus., L.L.C.*, 2021-Ohio-1171, ¶ 65 (10th Dist.), citing *State ex rel. Dillard Dept. Stores v. Ryan*, 2009-Ohio-2683, ¶ 18.

**{¶40}** Appellants were not parties to the agreed judgment entry between Appellees Richards and Ponzio and Appellee Dunn. The agreed judgment entry did not confer any rights upon a non-party to the agreement and no obligations were created by Appellees Richards and Ponzio, and Appellee Dunn to any non-party to the agreement. Furthermore, "equity does not allow the trial court to abuse its discretion and materially alter the bargained for exchange between the two parties to the settlement agreement * * * at the mere request of * * * a non-party to the settlement agreement." *Campbell v. Campbell,* 2004-Ohio-5553, ¶ 16 (9th Dist.).

**{¶41}** The trial court was not required to entertain Appellants' objections, and we find the trial court did not abuse of discretion in granting the agreed judgment entry over Appellants' objections.

**{¶42}** Appellants' second assignment of error is overruled.

**{¶43}** The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Baldwin, J.

King, J.  concur