**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Bates*, Slip Opinion No. 2024-Ohio-2827.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2827

THE STATE EX REL. MOBLEY *v.* BATES, PROS. ATTY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Bates*, Slip Opinion No. 2024-Ohio-2827.]**

*Mandamus—Public-records requests—Because public-records custodian provided requested records, offered to provide records upon prepayment of copying costs, or averred that requested records do not exist, public office satisfied its obligations under R.C. 149.43—Requester failed to prove by clear and convincing evidence that he delivered public-records requests by certified mail—Writ, statutory damages, and court costs denied.*

(No. 2023-1594—Submitted May 7, 2024—Decided July 30, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Relator, Alphonso Mobley Jr., filed an original action in mandamus against respondent, Lucas County Prosecuting Attorney Julia Bates ("the prosecutor" or "the prosecutor's office"). Mobley seeks the production of public records and awards of statutory damages and court costs. We deny the writ and decline to award Mobley statutory damages or court costs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Mobley alleges that on October 30, 2023, the prosecutor received a public-records request that Mobley had sent to the prosecutor by certified mail. The record does not contain a copy of the request, but Mobley states that he sought in the request paper copies of the prosecutor's (1) "[r]ecords retention schedule," (2) "[c]ertified statements for years 2016-2021 pursuant to R.C. 309.16," and (3) "[c]ashbook[s] for years 2016-2021 pursuant to R.C. 2335.25." Mobley did not receive a response from the prosecutor regarding his request prior to his filing this mandamus action.

{¶ 3} Mobley filed this mandamus action on December 14, 2023, and the prosecutor was served with the complaint on December 19. On January 5, 2024, the prosecutor's office sent Mobley a letter. In that letter, the prosecutor's office stated that it had no record of having received Mobley's request but that it was providing a response to the request described in Mobley's complaint. In response to Mobley's request for the prosecutor's office's "[r]ecords retention schedule," the prosecutor's office provided Mobley with a copy of the office's records-retention schedule. In response to Mobley's request for certified statements, the prosecutor's office stated that the records responsive to that request might total nearly 10,000 pages and that a paper copy of the records would cost approximately $1,000. The prosecutor's office asked Mobley to inform it as to whether he still wanted paper copies of those records. And in response to Mobley's request for "[c]ashbook[s]," the prosecutor's office stated that it did not have cashbooks for the years requested.

2

{¶ 4} The prosecutor filed an answer to Mobley's mandamus complaint, and this court issued an alternative writ allowing the parties to submit evidence and ordering them to submit briefs, 2024-Ohio-597. As part of its evidence, the prosecutor's office submitted an affidavit of an assistant prosecutor. The assistant prosecutor avers that all public-records requests made to the prosecutor's office are forwarded to him. He avers that he never received the public-records request at issue in this case and that the prosecutor's office has no record of having received it. Mobley submitted as evidence a certified-mail return receipt for a mailing addressed to the prosecutor's office that was delivered and signed for on October 30, 2023. The signature of the person who accepted the delivery is illegible. Mobley avers that this receipt was for the mailing of his public-records request. Mobley has not submitted a copy of the request or an envelope with a tracking number matching the tracking number on the receipt.

## II. LEGAL ANALYSIS

### A. *Writ of mandamus*

{¶ 5} "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Mandamus is an appropriate remedy to compel compliance with R.C. 149.43(B). R.C. 149.43(C)(1)(b). To be entitled to a writ of mandamus, Mobley must prove, by clear and convincing evidence, that he has a clear legal right to the relief sought and that the prosecutor has a clear legal duty to provide that relief. *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, ¶ 10.

{¶ 6} Mobley argues that the prosecutor has not properly responded to his requests for certified statements and cashbooks and requests a writ of mandamus ordering the production of those records. We deny the writ. The prosecutor's office avers that it never received Mobley's public-records request. But even if the

prosecutor received the request and failed to respond to it by the time Mobley filed this action, the prosecutor has since properly responded to the request.

{¶ 7} Mobley states that in his request for certified statements, he requested "[c]ertified statements for years 2016-2021 pursuant to R.C. 309.16." Former R.C. 309.16, Am.Sub.S.B. No. 98, 138 Ohio Laws, Part I, 683, which has been repealed, required prosecutors to file annual statements regarding criminal prosecutions with the applicable board of county commissioners and, with respect to arson offenses, with the state fire marshal. In its January 5, 2024 letter to Mobley regarding his public-records request, the prosecutor's office told Mobley that paper copies of the statements to the board of county commissioners would cost approximately $1,000 and asked Mobley to advise the office whether he wanted to proceed with the request. Mobley did not respond to that instruction.

{¶ 8} A public office may charge for copies of public records at cost. *See* R.C. 149.43(B)(6). In his brief, Mobley suggests that he requested statements sent to the state fire marshal in addition to statements sent to the board of county commissioners and that the prosecutor did not provide the statements that were sent to the state fire marshal or an estimate of the cost to provide them. The prosecutor clarifies in her brief, however, that the same statements were sent to both the board of county commissioners and the state fire marshal. Because the prosecutor properly required payment of the copying costs before providing the statements, we deny the writ as to the request for certified statements.

{¶ 9} Mobley states that in his request for cashbooks, he sought "[c]ashbook[s] for years 2016-2021 pursuant to R.C. 2335.25." R.C. 2335.25 requires prosecutors to keep a cashbook containing a record of all moneys that they collect or receive and that the cashbook "shall be a public record of the office." The prosecutor's office told Mobley—and it avers here—that it does not have any cashbooks or other records responsive to the request. Mobley argues that the prosecutor's office's assertion that it does not have responsive records is

4

contradicted by the office's records-retention schedule, which contains a records schedule titled "Cash Books & Journals" and similarly titled schedules. But the existence of a particular records schedule at a public office does not necessarily mean that the public office has records encompassed by that schedule. And here, the prosecutor denies having any records responsive to Mobley's request for cashbooks. Mobley has the burden to prove, by clear and convincing evidence, that the records he requested exist. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. He has not done so, and the prosecutor has "no duty to create or provide access to nonexistent records," *State ex rel. Lanham v. Smith*, 2007-Ohio-609, ¶ 15. Therefore, we deny the writ as to the request for cashbooks.

**{¶ 10}** Because the prosecutor has now either provided the requested records, offered to provide Mobley with the records upon prepayment of the copying costs, or averred that the records do not exist, we deny the writ.

### B. Statutory damages and court costs

**{¶ 11}** "Statutory damages shall be awarded if a requester of public records transmits a written request to a public office by hand delivery, electronic submission, or certified mail and the public office or person responsible for public records fails to comply with its obligations under R.C. 149.43(B)." *State ex rel. Atakpu v. Shuler*, 2023-Ohio-2266, ¶ 13; *accord* R.C. 149.43(C)(2).

**{¶ 12}** Mobley argues that he is entitled to statutory damages because the prosecutor did not respond to his public-records request within a reasonable time. A public office shall provide copies of a requested public record "within a reasonable period of time." R.C. 149.43(B)(1). Mobley alleges that the prosecutor received his public-records request on October 30, 2023, and the prosecutor did not respond to the request until January 5, 2024—67 days later.

**{¶ 13}** The prosecutor's office, however, avers that it never received the public-records request. As evidence that he had sent the request to the prosecutor's office by certified mail, Mobley submitted a copy of a certified-mail return receipt

that may have been signed for by someone from the prosecutor's office on October 30 and his own affidavit averring that he sent the request by certified mail. Mobley, however, did not submit a copy of the public-records request. He also did not submit a copy of the envelope that the records request was mailed in. Because he did not submit a copy of the envelope, we cannot confirm that the certified-mail return receipt contains the same tracking number as that on the envelope.

{¶ 14} "[W]hen the evidence on the method-of-delivery of a public-records request consists of contradictory affidavits or is inconclusive, the requester has not satisfied his burden under R.C. 149.43(C)(2)." *State ex rel. Ware v. Galonski*, 2024-Ohio-1064, ¶ 22; *see also State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 32 (holding that when the evidence concerning delivery of a public-records request is evenly balanced, the requester has not satisfied the heightened burden of proof necessary for an award of statutory damages). Here, Mobley submitted as evidence a certified-mail return receipt. But other than his own affidavit, which the prosecutor disputes, Mobley has submitted no evidence linking the receipt to a public-records request.

{¶ 15} This court recently addressed a similar situation in *Galonski*. In that case, the relator averred that he had sent a public-records request by certified mail and submitted a certified-mail return receipt as evidence, but the respondent denied ever receiving the request. *Galonski* at ¶ 12, 16-17. This court determined that the relator had not proved by clear and convincing evidence that he had delivered the request by certified mail. *Id.* at ¶ 22. To be sure, in *Galonksi*, this court cited another case in which a public office had denied receiving public-records requests from the relator in *Galonski*. *Id.* at ¶ 21, citing *Giavasis* at ¶ 32-34. But in *Galonksi*, the relator also submitted as evidence a copy of the public-records request, *see id*. at ¶ 32 (Kennedy, C.J., dissenting), which Mobley has not done here. We conclude that Mobley, having provided even less evidence than that provided by the relator in *Galonksi*, has not proved by clear and convincing

evidence that he transmitted his public-records request by certified mail. And because he has not done so, we decline to award statutory damages.

{¶ 16} Mobley also requests an award of court costs. Court costs shall be awarded if "the court orders the public office or the person responsible for the public record to comply with [R.C. 149.43(B)]." R.C. 149.43(C)(3)(a)(i). Because we deny the writ, we also decline to award court costs. In addition, Mobley filed an affidavit of indigency, so he has not incurred court costs.

## III. CONCLUSION

{¶ 17} Because the prosecutor's office has now either provided the records requested by Mobley, offered to provide Mobley with the records upon prepayment of the copying costs, or averred that the records do not exist, we deny Mobley's request for a writ of mandamus. We also decline to award Mobley statutory damages or court costs.

Writ denied.

_____

Alphonso Mobley Jr., pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for respondent.

_____