[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Grabman*, Slip Opinion No. 2025-Ohio-2257.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2257

THE STATE EX REL. MOBLEY *v*. GRABMAN, PROS. ATTY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Grabman*, Slip Opinion No. 2025-Ohio-2257.]

*Mandamus—R.C. 149.43—Public-records requests—Respondent has provided all requested records—Relator has not proved by clear and convincing evidence that he submitted a public-records request by certified mail—Writ denied as moot and relator's requests for statutory damages and court costs denied.*

(No. 2024-0008—Submitted January 7, 2025—Decided July 1, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in judgment only, with an opinion. BRUNNER, J., concurred in part and dissented in part, with an opinion.

**Per Curiam.**

{¶ 1} Relator, Alphonso Mobley Jr., filed an original action in mandamus against respondent, Ashtabula County Prosecuting Attorney April Grabman[1] (the "prosecutor" or "prosecutor's office"), seeking the production of public records and an award of statutory damages and court costs. Because the prosecutor has now provided all requested records, we deny the writ as moot. We also deny Mobley's requests for statutory damages and court costs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Mobley alleges that on November 13, 2023, the prosecutor received a public-records request that he had sent by certified mail. Mobley has submitted a copy of a certified-mail return receipt signed by the prosecutor's office, but he did not include a copy of the public-records request with either his complaint or his submission of evidence. Mobley avers that the request asked for paper copies of the prosecutor's (1) "Certified statements for years 2016-2021 pursuant to R.C. 309.16,"[2] (2) "Records retention schedule," and (3) "Cashbook or journal for years 2016-2022, pursuant to R.C. 2335.25."

{¶ 3} Mobley did not receive a response from the prosecutor before filing this mandamus action on January 2, 2024. He seeks a writ ordering the prosecutor to provide the requested documents, and he requests an award of statutory damages and payment of court costs. The prosecutor filed a motion to dismiss. On March 13, we denied the motion to dismiss, issued an alternative writ, and ordered the submission of evidence and briefs. 2024-Ohio-880.

---

1. Mobley named former Ashtabula County Prosecuting Attorney Colleen O'Toole in his complaint. April Grabman, the current Ashtabula County prosecuting attorney, is automatically substituted as a party under S.Ct.Prac.R. 4.06(B).

2. Former R.C. 309.16, Am.Sub.S.B. No. 98, 138 Ohio Laws, Part I, 683, which has been repealed, required prosecutors to file annual statements regarding criminal prosecutions with the applicable board of county commissioners and, with respect to arson offenses, with the state fire marshal.

**{¶ 4}** In its answer, the prosecutor's office stated that it was without knowledge or information sufficient to form a belief as to the truth of Mobley's assertion that he made a public-records request to the prosecutor's office by certified mail. As evidence, the prosecutor's office submitted an affidavit of one of its employees, Vicki O'Malley. O'Malley avers that she was assigned to respond to Mobley's request when the prosecutor's office was served with Mobley's mandamus complaint. According to O'Malley, she first checked the office's case-management and software systems and found no record of Mobley's request. O'Malley's affidavit details the actions she took to compile the documents Mobley requested. For instance, O'Malley states that she had to contact the Ashtabula County auditor's office to obtain records stored on its software system. On February 23, the auditor's office sent the requested records to O'Malley. On March 4, she mailed Mobley paper copies of responsive documents. Although the response to Mobley included copies of the office's records-retention schedule and 2016-2022 cashbooks, the prosecutor's office, apparently inadvertently, did not include in the mailing the 2016-2021 certified statements that Mobley had requested. On May 1, the prosecutor mailed Mobley copies of the certified statements. The prosecutor's office submitted as evidence copies of all the records it had sent Mobley, which total over 1,100 pages. Mobley agrees that he has now received all the documents he requested.

## II. LEGAL ANALYSIS

### A. Mobley's motion for leave to file rebuttal evidence

**{¶ 5}** In its brief, the prosecutor's office argues that statutory damages should be denied because Mobley did not prove that he had made a public-records request to the prosecutor by certified mail. On May 28, Mobley timely filed a motion for leave to file rebuttal evidence pursuant to S.Ct.Prac.R. 12.06(B). He requests leave to file what he avers is a copy of his original public-records request

and a postal-service tracking printout for the mailing, both of which he attached to his motion.

**{¶ 6}** "'Rebutting evidence is [evidence] given to explain, refute, or disprove new facts introduced into evidence by the adverse party; it becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence.'" (Bracketed text in original.) *State ex rel. Mobley v. Powers*, 2024-Ohio-104, ¶ 11, *quoting State v. McNeill*, 1998-Ohio-293, ¶ 44. Here, neither Mobley's public-records request nor the postal-service tracking printout challenge or respond to the prosecutor's *evidence*. Rather, the copy of the public-records request and tracking printout respond to the prosecutor's *argument* that Mobley did not prove that he had made a public-records request to the prosecutor by certified mail. Mobley was aware when the prosecutor's office filed its answer that the office did not admit to receiving a public-records request from Mobley. Mobley could have submitted these documents at the time of his submission of evidence. His motion to do so now is an untimely attempt to prove his affirmative case—not to rebut the prosecutor's evidence. We therefore deny the motion.

### B. *The requested writ is moot*

**{¶ 7}** "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Mandamus is an appropriate remedy to compel compliance with the Public Records Act. *See* R.C. 149.43(C)(1)(b). To be entitled to a writ of mandamus, "the requester must prove by clear and convincing evidence a clear legal right to [a] record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

**{¶ 8}** Because the prosecutor has now provided Mobley with the requested records and Mobley has agreed that he received them, we deny as moot Mobley's

request for a writ of mandamus. *See State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 7 ("In general, a public-records mandamus case becomes moot when the public office provides the requested records.").

### C. Statutory damages and court costs

**{¶ 9}** Unlike Mobley's request for a writ of mandamus, his requests for statutory damages and court costs are not moot. *See Martin* at ¶ 7-8.

**{¶ 10}** "Statutory damages shall be awarded if a requester of public records transmits a written request to a public office by hand delivery, electronic submission, or certified mail and the public office or person responsible for public records fails to comply with its obligations under R.C. 149.43(B)." *State ex rel. Atakpu v. Shuler*, 2023-Ohio-2266, ¶ 13; *accord* R.C. 149.43(C)(2).[3]  Mobley argues that he is entitled to statutory damages because the prosecutor did not respond to his request within a reasonable time.

**{¶ 11}** The prosecutor's office argues that, even if it failed to timely respond to the request, Mobley has not shown by clear and convincing evidence either that he sent a request by certified mail or what records he asked for in that request.  In its answer, the prosecutor's office stated that it was without knowledge or information sufficient to form a belief as to the truth of Mobley's assertion that he made a public-records request to the office by certified mail.  The prosecutor's office also submitted an affidavit of an employee stating that the office's tracking systems for public-records requests had no record of Mobley's public-records request.  Mobley submitted as evidence a certified-mail return receipt, but other than his own affidavit, which the prosecutor disputes, he submits no evidence linking the certified mailing to a public-records request.

---

3. The General Assembly amended R.C. 149.43 in 2024 Sub.H.B. No. 265 with an effective date of April 9, 2025.  This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

**{¶ 12}** We recently decided another public-records case brought by Mobley that involved similar facts: *State ex rel. Mobley v. Bates*, 2024-Ohio-2827. In *Bates*, Mobley's complaint alleged that he had sent a public-records request to the Lucas County prosecutor, but the prosecutor denied receiving the request. *Id.* at ¶ 2-3. As evidence, Mobley included his own affidavit and a certified-mail return receipt. *Id.* at ¶ 14. We concluded that Mobley had not proved by clear and convincing evidence that he had submitted a public-records request by certified mail, and we declined to award statutory damages. *Id.* at ¶ 15. Similarly, here, Mobley has not proved by clear and convincing evidence that he submitted a public-records request by certified mail. Therefore, we deny his request for statutory damages. *See State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 32 (holding that when the evidence concerning delivery of a public-records request is evenly balanced, the requester has not satisfied the heightened burden of proof necessary for an award of statutory damages).

**{¶ 13}** Mobley also requests an award of court costs. However, Mobley filed an affidavit of indigency in this case, so even if he were otherwise entitled to costs, he has not incurred costs. We therefore deny the request for court costs.

### III. CONCLUSION

**{¶ 14}** Because the prosecutor's office has now provided Mobley the records he requested, we deny as moot Mobley's request for a writ of mandamus. We also deny his requests for awards of statutory damages and court costs and deny his motion for leave to file rebuttal evidence.

Writ denied as moot.

_____

**KENNEDY, C.J., concurring in judgment only.**

**{¶ 15}** I concur in the court's judgment denying the complaint for a writ of mandamus as moot and denying awards of statutory damages and court costs. Relator, Alphonso Mobley Jr., admits that respondent, Ashtabula County

Prosecuting Attorney April Grabman, has produced all the public records he requested. And Mobley has not shown by clear and convincing evidence that he sent his public-records request by certified mail. He submitted a certified-mail return receipt but did not include a copy of his public-records request with either his complaint or his submission of evidence. This same scenario occurred in one of Mobley's other public-records cases. *See State ex rel. Mobley v. Bates*, 2024-Ohio-2827, ¶ 14-15 (statutory damages denied because Mobley did not provide evidence linking a certified-mail return receipt to the public-records request at issue).

{¶ 16} I also concur in the court's judgment denying Mobley's motion for leave to file rebuttal evidence. The motion does not seek to rebut evidence submitted by the prosecutor in this action. *See* majority opinion, ¶ 6.

{¶ 17} I write separately, however, because I disagree with the majority's reliance on the affidavit of Vicki O'Malley—the prosecutor's office employee who prepared the public records Mobley requested. *See id.* at ¶ 4, 11. O'Malley avers that the office has no record of having received a public-records request or a postal receipt from Mobley. But Mobley provided a certified-mail return receipt addressed to the Ashtabula County Prosecutor's Office as evidence, and the receipt was signed by a "Stephanie R. Stoltz" on November 13, 2023. Further, no one in the prosecutor's office challenges the validity of the certified-mail return receipt. O'Malley does not aver that Stoltz is not an employee of the prosecutor's office, nor does Stoltz herself challenge the legitimacy of her signature on the receipt.

{¶ 18} Therefore, Mobley's certified-mail return receipt indicates that a mailing was received by the prosecutor's office on November 13, notwithstanding whether the office properly logged the mailing in its system. I therefore do not give any weight to O'Malley's affidavit on the question whether Mobley sent a certified mailing to the prosecutor's office.

**{¶ 19}** But even though Mobley sent *something* by certified mail, the majority nevertheless reaches the right result—Mobley has not shown by clear and convincing evidence that he sent *the public-records request at issue in this case* by certified mail. He is therefore not entitled to an award of statutory damages under R.C. 149.43(C)(2).[4] For this reason, I concur in the court's judgment today.

_____

**BRUNNER, J., concurring in part and dissenting in part.**

**{¶ 20}** Because relator, Alphonso Mobley Jr., agrees that he has received all the public records he requested from respondent, the Ashtabula County Prosecuting Attorney (the "prosecutor"), I agree with the majority that his request for a writ is now moot and should be denied. I also agree that Mobley is not entitled to costs. I disagree, however, with the majority's denial of Mobley's request for statutory damages and his request for leave to file rebuttal evidence.

**{¶ 21}** The majority finds that Mobley is not entitled to damages because he cannot establish through clear and convincing evidence that he transmitted his public-records request in a manner that entitles him to receive damages under R.C. 149.43(C)(2).[5] In his complaint, Mobley averred that he sent his written request by certified mail. He explained what the request asked for, and he attached a certified-mail return receipt showing delivery to the prosecutor's office on November 13, 2023, signed by "Stephanie R. Stoltz." In her answer, the prosecutor neither admitted nor denied Mobley's averments. She claimed that she was without knowledge or information to form a belief as to the truth of Mobley's allegations that he sent the request by certified mail and that it was received by the prosecutor's

_____

4. The General Assembly amended R.C. 149.43 in 2024 Sub.H.B. No. 265 with an effective date of April 9, 2025. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

5. The General Assembly amended R.C. 149.43 in 2024 Sub.H.B. No. 265 with an effective date of April 9, 2025. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

office on November 13, 2023.

{¶ 22} After we granted an alternative writ, the prosecutor submitted an affidavit of Vicki O'Malley, a paralegal/administrative assistant at the prosecutor's office. O'Malley verified her efforts to provide Mobley with the requested documents after receiving his complaint for mandamus, although she averred that she had no personal knowledge of whether the prosecutor's office received a mailing from Mobley on or about November 13, 2023. She explained that she checked the office's case-management system for the request or the postal receipt but that there was no record of either.

{¶ 23} The majority seems to conclude that the evidence concerning whether Mobley delivered his request by certified mail is evenly balanced. *See* majority opinion, ¶ 12, *citing State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 32. However, O'Malley's affidavit does not refute Mobley's averments; it simply calls into question their reliability. And even if we view Mobley's and O'Malley's affidavits as offsetting one another in the balancing of the evidence, the prosecutor's office has not rebutted or attempted to explain the certified-mail return receipt. And O'Malley did not explain whether Stephanie Stoltz, whose signature appeared on the certified-mail return receipt, had been consulted about the contents of Mobley's mail or how it was processed in the office.

{¶ 24} The majority implies that because Mobley did not provide a copy of his written public-records request, this court cannot conclude that he mailed it to the prosecutor or that a request even originally existed. The majority relies on another case involving Mobley in which this court found that he had failed to prove that a public-records request was actually sent and delivered. *See State ex rel. Mobley v. Bates*, 2024-Ohio-2827, ¶ 15. In that case, Mobley had submitted a certified-mail return receipt, but we noted that he had failed to submit a copy of the public-records request. *Id.* at ¶ 13. Mobley averred in that case—in the same manner as he does here—that he sent a public-records request by certified mail.

And in that case, as in this one, he submitted a certified-mail return receipt to demonstrate the request's delivery. *Id.* We concluded in *Bates* that the evidence was insufficient to clearly and convincingly establish that he sent the request for public records as he claimed. *Id.* at ¶ 14. In that case, however, the prosecutor flatly denied receiving the request and the signature of the person who accepted the delivery was illegible. *Id.* at ¶ 4.

{¶ 25} The majority denies Mobley's request for leave to file rebuttal evidence, concluding that the documents Mobley requests to file do not qualify as rebuttal evidence because they rebut only the *argument*, not the evidence, of the prosecutor. This is nonsensical. The majority concludes that Mobley is not entitled to statutory damages because it finds that the *evidence* is evenly balanced. If Mobley is only attempting to rebut the *arguments* of the prosecutor, then what evidence is the majority balancing? Mobley is plainly attempting to rebut the evidence of the prosecutor that tends to show that Mobley's request for public records was not transmitted by certified mail.

{¶ 26} Although consideration of Mobley's rebuttal evidence is not necessary to find that he delivered his request by certified mail, I would grant Mobley's motion for leave. Further, because he has shown that he delivered his request by certified mail and because his request went unanswered until he filed this mandamus action, I would award him $1,000 in statutory damages.

{¶ 27} I therefore concur in part in and dissent in part from the court's judgment.

———————————

Alphonso Mobley Jr., pro se.

April Grabman, Ashtabula County Prosecuting Attorney, and Matthew J. Hebebrand, Assistant Prosecuting Attorney, for respondent.

———————————