JOURNAL ENTRY AND OPINION
{¶ 1} Julius J. Szabo ("Szabo") appeals from the trial court's decision to grant summary judgment in favor of Alexander E. Goetsch ("Goetsch"). Szabo argues that genuine issues of material fact remain as to when the cause of action for legal malpractice accrued. For the following reasons, we affirm the decision of the trial court. *Page 2 
 {¶ 2} On August 3, 2005, Szabo filed a complaint for legal malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, and breach of fiduciary duty against Goetsch, Bruce Freedman ("Freedman"), and William Love ("Love"). Szabo's allegations stem from Goetsch's representation of Szabo in two separate matters in the Cuyahoga County Court of Common Pleas.
 {¶ 3} The defendants in the legal malpractice action represented Szabo at varying times during the course of this underlying litigation. Goetsch entered an appearance on behalf of Szabo and thereby commenced an attorney-client relationship on October 16, 2003. Soon thereafter, the opposing parties in both cases moved for summary judgment. Goetsch, Freedman, and Love filed responsive pleadings, neither of which contained a certificate of service.
 {¶ 4} The trial court granted summary judgment in both cases. On December 4, 2003, the opposing parties moved to strike Szabo's responsive pleadings because of the failure to include certificates of service. The trial court denied the motion to strike on December 10, 2003.
 {¶ 5} Szabo retained new counsel who filed notices of appeal on December 22, 2003. The following day, Goetsch sent Szabo a letter terminating Goetsch's representation of Szabo. The two separate appeals were subsequently *Page 3 
consolidated. The appellees in the consolidated appeal raised the following cross assignment of error:
 "On Appellees' first Cross-Assignment of Error, the trial court should have stricken from the files and from the court's consideration, Mr. Szabo's response brief in opposition to summary judgment and the opposition affidavits submitted to the court but not served in contravention of Civ. R. 5."
 {¶ 6} In response, Szabo's counsel argued that appellees were not prejudiced by the trial court's failure to strike because the trial court granted summary judgment in their favor, despite the consideration of the brief in opposition. On July 21, 2004, this court conducted oral arguments at which time the parties again argued the issue regarding the failure to include the certificate of service.
 {¶ 7} On August 5, 2004, this court released its decision, affirming the decision of the trial court to grant summary judgment in favor of appellees. See Robert C. Nosal etc, et al. v. Szabo, Cuyahoga App. Nos. 83974 and 83975, 2004-Ohio-4076. In our decision, this court addressed the failure of Goetsch, Freedman, and Love to attach a certificate of service to their responsive pleading. Specifically, we held as follows:
 "Ordinarily, where the appellee does not file a notice of cross-appeal, this court would pass upon the review of any of appellee's assignments of error * * * However, under the peculiar procedural circumstances that occurred in the trial court below, the consideration of appellee's first cross-assignment of error is virtually dispositive of this appeal and will be addressed first." Id. *Page 4 
 {¶ 8} The remainder of the appellate decision addresses the failure of Szabo's attorneys to serve copies of their responsive briefs upon counsel for the appellees. Id. This court never addressed the merits of Szabo's assignments of error; we affirmed the decision of the trial court on the basis of the failure to serve the responsive briefs and to attach a certificate of service page to the responsive briefs. Id.
 {¶ 9} Szabo then filed the underlying lawsuit on August 3, 2005, almost one year from the release of Szabo. Szabo claimed that although argued at the trial court level and in this Court of Appeals, Szabo "did not discover that the failure to serve and/or failure to attach a certificate of service to his responsive pleadings, would result in the barring of his claims in the underlying cases; until after the appellate decision was released." In response, Goetsch argued that at the latest, Szabo discovered the error when the issue was argued at oral argument on July 21, 2004. Goetsch further argued in his motion for summary judgment that because Szabo did not file the instant lawsuit within one year of July 21, 2004, his claim was barred by the one-year statute of limitation. R.C. 2305.11(A). The trial court agreed with Goetsch and granted the motion for summary judgment filed November 1, 2005.
 {¶ 10} Szabo appeals, raising a single assignment of error.
 "The trial court erred as a matter of law in granting the appellee, Alexander Goetsch's motion for summary judgment."[1] *Page 5 
 {¶ 11} We review an appeal from summary judgment under a de novo standard of review. Baiko v. Mays (2000), 140 Ohio App.3d 1. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Id. See, also, Brown v. Scioto Bd. Of Commrs. (1993),87 Ohio App.3d 704. Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, which is adverse to the nonmoving party. Temple v. Wean United, Inc. (1997),50 Ohio St.2d 317.
 {¶ 12} The moving party carries the initial burden of setting forth specific facts that demonstrate his entitlement to summary judgment.Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. If the movant fails to meet this burden, summary judgment is not appropriate. Id. If the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id. *Page 6 
 {¶ 13} In the instant case, the parties do not dispute the fact that legal malpractice occurred. At issue in this appeal is when the statute of limitations began to run. R.C. 2305.11 sets forth a one-year statute of limitations for legal malpractice claims. The one-year statutory period begins to run upon the termination of the attorney-client relationship or the discovery of the alleged malpractice, whichever occurs later. Ladanyi v. Crookes Hanson Ltd., et al., Cuyahoga App. No. 87888, 2007-Ohio-540. In Zimmie v. Calfee, Halter Griswold (1989),43 Ohio St.3d 54, the Ohio Supreme Court set forth the standard with respect to the statute of limitations for malpractice:
 "Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue its possible remedies against the attorney, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later."
 {¶ 14} The Zimmie court defined a cognizable event as an event "which should alert a reasonable person that in the course of legal representation, his attorney committed an improper act." See, also,Spencer v. McGill (1993), 87 Ohio App.3d 267.
 {¶ 15} The parties in the instant case are not in dispute about when the attorney-client relationship terminated; however, the parties are in dispute about when the cognizable event occurred. Goetsch argues that the cognizable event *Page 7 
occurred no later than July 21, 2004, when this court heard oral arguments concerning Szabo's underlying appeal. Goetsch argues that one of the issues raised and argued at oral argument was the failure to include the certificate of service and the ramifications of such failure. Goetsch claims that because Szabo was present during the oral argument, he was put on notice of any malpractice on the part of Goetsch. Therefore, Szabo had only until July 21, 2005, to file a legal malpractice claim.
 {¶ 16} In response, Szabo argues that it was not until August 5, 2004, when this court released its decision, that he discovered the negligent acts of Goetsch, Freedman and Love. Szabo admits that although the issue of the certification of service was argued at the trial court level and in this Court of Appeals, he did not discover that the failure to serve and/or failure to attach a certificate of service to his responsive pleadings would result in the barring of his claims in the underlying cases. Accordingly, Szabo argues that his August 3, 2005 claim of legal malpractice was filed within the one-year statute of limitations.
 {¶ 17} Upon review, it is uncontroverted that on December 4, 2003, the opposing parties moved to strike Szabo's responsive pleadings because of the failure of defendants to include certificates of service. Additionally, on May 17, 2004, the opposing parties raised a cross-assignment of error arguing that the trial court should have stricken Szabo's response briefs for violating Civ.R. 5. Szabo's *Page 8 
counsel responded to this cross-assignment of error, arguing that the opposing parties were not prejudiced by the trial court's failure to strike because summary judgment was granted in appellees favor despite the consideration of the brief in opposition. Finally, on July 21, 2004, this court conducted oral arguments on the consolidated appeal; Szabo was present during the oral argument. The parties for each side argued the issue regarding the failure to include the certificate of service with the responsive pleadings.
 {¶ 18} Accordingly, viewing the facts in the light most favorable to Szabo, we conclude that no genuine issue of material fact remains to be litigated. In determining the cognizable event, "the focus should be on what the client was aware of and not an extrinsic judicial determination." Vagianos v. Halpern, (Dec. 14, 2000), Cuyahoga App. No. 76408. The facts enunciated above reveal that, at the latest, Szabo became aware that improper legal work had occurred as of July 21, 2004, and that notice was given on this date of the need to investigate and pursue possible legal malpractice remedies. Id.; McDade v. Spencer
(1991), 75 Ohio App.3d 639; Koerber v. Levey and Gruhin, Summit App. No. 21730, 2004-Ohio-3085. Consequently, Szabo had until July 21, 2005, to file a claim for legal malpractice. Szabo did not file his claim until August 3, 2005.
 {¶ 19} Therefore, we find that the one-year statute of limitations barred Szabo's August 3, 2005 complaint for legal malpractice. Although we affirm the *Page 9 
grant of summary judgment, we note the harsh result of this decision. This case stands for the unfortunate position that a litigant must identify the cognizable event and act on it, all before the litigant's case is resolved. Requiring a litigant to recognize and appreciate a legal concept he is not trained in and then requiring the litigant to file suit, all before his case is resolved places a heavy burden upon litigants. Nonetheless, the law requires us to conclude that the cognizable event in the instant case took place on July 21, 2004. Therefore, Szabo's August 3, 2005 claim of legal malpractice is barred by the statute of limitations.
 {¶ 20} Szabo's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MELODY J. STEWART, J., CONCUR
[1] Szabo fails to raise any issue regarding the trial court's decision to apply the one-year statute of limitations to all claims asserted in his complaint. Accordingly, we will not disturb the trial court's application of the one-year statute of limitations to Szabo's claims of intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract and breach of fiduciary duty. *Page 1