[Cite as *Estate of Kelley v. Wuliger & Wuilger, L.L.C.*, 2025-Ohio-2450.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ESTATE OF MICHAEL V. KELLEY, :

      Plaintiff-Appellant/ :
      Cross-Appellee,

       :       No. 114368

      v.

       :

WULIGER AND WULIGER, LLC
ET AL.,        :

      Defendant-Appellees/
      Cross-Appellants.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 10, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-985605

---

### *Appearances:*

Randazzo Law, L.L.C., and Russell A. Randazzo, *for appellant/cross-appellee.*

Gallagher Sharp LLP, Monica A. Sansalone, and Maia E. Jerin, *for appellees/cross-appellants.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} Plaintiff-appellant/cross-appellee Estate of Michael V. Kelley, by and through executor Brenden Patrick Kelley ("Estate"), appeals the trial court's granting of defendant-appellees/cross-appellants Wuliger & Wuliger, LLC, Wuliger

Law, LLC, and Amy A. Wuliger-Knee's (collectively, "Wuliger Defendants") motion for judgment on the pleadings and denial of its motion for leave to amend its complaint. Upon review, we affirm the trial court's decisions.

## I. Facts and Procedural History

{¶ 2} On September 18, 2023, Brenden Patrick Kelley ("Brenden"), the Estate's successor fiduciary, filed a legal-malpractice action against the Wuliger Defendants on behalf of the Estate.[1] The complaint asserted a single, unnamed count and the following facts and allegations.

{¶ 3} The Estate was established after Michael V. Kelley, a founding partner of Kelley & Ferraro, LLP ("K&F"), passed away unexpectedly in January 2006. Lynn Arko Kelley ("Lynn") was originally appointed as the executor of the Estate. In March 2006, Lynn, personally and as executor of the Estate, entered an attorney-client relationship with William T. Wuliger (to represent the Estate in litigation against K&F and the firm's other founding partner, James Ferraro. *See Arko Kelley v. Ferraro*, Cuyahoga C.P. No. CV-06-589040 ("K&F Litigation"). A confidential-settlement agreement ("Settlement Agreement") was reached in the K&F Litigation in April 2011.

{¶ 4} According to the complaint, William T. Wuliger passed away in September 2019 and the Wuliger Defendants continued to provide legal services for the Estate after his death. The complaint alleges that Amy Wuliger-Knee

---

[1] Per the complaint, Brenden was appointed as a subsequent fiduciary in September 2023.

corresponded with James Ferraro in April 2021 regarding a provision of the Settlement Agreement that remained outstanding and required immediate attention. The complaint asserts that the language of that particular provision was poorly worded by William T. Wuliger, resulting in a dispute regarding its enforceability.

{¶ 5} The complaint further asserts that, although the issue raised by Amy Wuliger-Knee remained unresolved, a stipulation for dismissal and judgment entry was filed in the K&F Litigation on May 3, 2021 ("2021 Dismissal"). The 2021 Dismissal was executed by William T. Wuliger, who was deceased at the time of its filing, and did not include language whereby the trial court retained jurisdiction to enforce the terms of the Settlement Agreement. According to the complaint, Amy Wuliger-Knee knew there was an ongoing dispute regarding the Settlement Agreement at the time the 2021 Dismissal was filed and neglected to revise the filing to include 1) her signature in lieu William T. Wuliger's and 2) language retaining jurisdiction to enforce the Settlement Agreement.

{¶ 6} The complaint states that the Wuliger Defendants provided legal services to the Estate through January 2022 and a notice of appearance of new counsel was filed in the K&F Litigation on April 21, 2022. The Estate's new counsel ("New Counsel") also filed a motion to enforce the Settlement Agreement. According to the complaint, the parties litigated the issue of whether the provision of the Settlement Agreement at issue in April 2021 could be enforced. However, on January 18, 2023, the trial court denied the motion after determining that it lacked

jurisdiction to enforce the Settlement Agreement based on the 2021 Dismissal. The complaint alleges that the Estate was unaware of the Wuliger Defendants' malpractice prior to this ruling and suffered financial harm as a result.

{¶ 7} In response to the complaint, the Wuliger Defendants filed an answer with affirmative defenses, including the claims were barred by statutes of limitations; counterclaims against the Estate; and a third-party complaint against Brenden and New Counsel.[2] The Wuliger Defendants also filed a contested motion to disqualify New Counsel, which was ultimately denied by the trial court, and a motion for judgment on the pleadings. In their motion for judgment on the pleadings, the Wuliger Defendants argued, in relevant part, that the Estate's claims were time-barred by R.C. 2305.11(A)'s one-year statute of limitations for legal-malpractice actions.

{¶ 8} In response to the Wuliger Defendants' motion for judgment on the pleadings, the Estate filed a motion for leave to file an amended complaint. The proposed amended complaint added a new-party plaintiff and incorporated new facts and allegations, including claims of fraud and references to a 2011 journal entry that dismissed the K&F Litigation but retained jurisdiction to enforce the Settlement Agreement ("2011 Dismissal"). Finally, the proposed amended complaint added a second, unnamed count, asserting that the Estate relied upon the Wuliger

---

[2] The counterclaims against the Estate and third-party complaint against Brenden were voluntary dismissed without prejudice. The claims against New Counsel were dismissed by the trial court after granting New Counsel's motion to dismiss the third-party complaint.

Defendants' false representations about the enforceability of a contingency-fee agreement and the necessity of Settlement-Agreement-payment and attorney-fee disclosures to the probate court. The Wuliger Defendants opposed the motion for leave to amend the complaint, arguing that the amendments were futile. The trial court held the Estate's motion in abeyance and ordered the Estate to respond to the Wuliger Defendants' motion for judgment on the pleadings.

{¶ 9} The Estate subsequently filed a brief in opposition, arguing that the amended complaint corrected any alleged pleading deficiencies and rendered the Wuliger Defendants' motion for judgment on the pleadings moot. Relevant to this appeal, the Estate argued that the statute of limitations did not begin to run until the trial court determined that it was divested of jurisdiction in the K&F Litigation on January 18, 2023. The Estate claimed that the 2011 and 2021 Dismissals contradicted each other, created uncertainty regarding, which journal entry controlled the K&F Litigation, and made the trial court's retention of jurisdiction unclear. The Estate asserted that this uncertainty was evidenced by the trial court's own actions, since motions were granted, pleadings were considered, telephone conferences were held, and the parties were referred to mediation. Thus, the Estate argued that it did not learn of the Wuliger Defendants' malpractice until the trial court issued its jurisdictional decision, claiming: "If the trial court did not even clearly know if it had jurisdiction, how would [the Estate] be in a better position to determine such a legal conclusion until the court's journal entry of January 18, 2023."

{¶ 10} The Wuliger Defendants filed a reply in support of their motion for judgment on the pleadings. Among their many arguments, the Wuliger Defendants countered that the Estate's time to file the legal-malpractice action against them was not indefinitely tolled until the trial court ruled on its motion to enforce the settlement agreement in the K&F Litigation. The Wuliger Defendants also noted that the Estate, in its brief in opposition, "tacitly and repeatedly acknowledge[d] that [it] and [New Counsel] were aware of 'uncertainties' caused by the [2021 Dismissal] for years before filing the instant lawsuit."

{¶ 11} The trial court ultimately granted the Wuliger Defendants' motion for judgment on the pleadings and denied the Estate's motion for leave to file an amended complaint. The trial court found that the 2021 Dismissal was a cognizable event that triggered the accrual of the Estate's legal-malpractice cause of action. The trial court also found that New Counsel was retained in April 2022. Thus, the trial court concluded that the Estate's September 18, 2023 complaint was filed outside of the one-year statute of limitations for both events. The trial court further concluded that the proposed amended complaint was futile, since those claims were also time-barred by the statute of limitations. As a result, all the Estate's claims for relief were dismissed.

{¶ 12} After disposition of the Wuliger Defendants' remaining claims, the Estate appealed, raising the following assignments of error: [3]

---

[3] Prior to the Estate's filing of its notice of appeal, the Wuliger Defendants filed a contested motion for sanctions under R.C. 2323.51, Civ.R. 11, and the court's inherent authority. The trial court's docket notes that the motion is being held in abeyance pending

**Assignment of Error No. 1**

The trial court erred in granting [the Wuliger Defendants'] motion for judgment on the pleadings and dismissing all [of the Estate's] claims.

**Assignment of Error No. 2**

The trial court erred in failing to grant [the Estate's] motion for leave to file an amended complaint.

The Wuliger Defendants filed a cross-appeal, raising the following assignment of error for this court's consideration should we find merit to the Estate's appeal and reverse the trial court's judgment:

**Cross-Assignment of Error No. 1**

The trial court erred in denying [the Wuliger Defendants'] motion to disqualify [New Counsel] without an evidentiary hearing.

## II. Law and Analysis

### A. Motion for Judgment of the Pleadings

{¶ 13} In its first assignment of error, the Estate argues that the trial court erred in granting the Wuliger Defendants' motion for judgment on the pleadings and dismissing all its claims based on statute-of-limitations grounds.

---

this court's ruling. "[S]anctions for frivolous conduct are generally considered to be collateral to the underlying action . . . ," "[t]hus, a motion for sanctions does not impede the finality of the judgment." *Zappola v. Rock Capital Sound Corp.*, 2014-Ohio-2261, ¶ 21 (8th Dist.), citing *Linetsky v. DeJohn*, 2012-Ohio-6140 (8th Dist.), and *Crenshaw v. Integrity Realty Group, L.L.C.*, 2013-Ohio-5593, ¶ 3 (8th Dist.) (trial court stayed consideration of R.C. 2323.51 motion pending decision on the merits); *see also Troja v. Pleatman*, 2016-Ohio-7683, ¶ 21 (1st Dist.).

**{¶ 14}** Since appellate review of a ruling on a motion for judgment on the pleadings involves only questions of law, we apply the de novo standard of review and conduct an independent examination without affording deference to the trial court's decision. *Rowe v. Hoist & Crane Serv. Group*, 2022-Ohio-3130, ¶ 20 (8th Dist.), citing *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 2019-Ohio-2851, ¶ 8, citing *Rayess v. Edn. Comm. for Foreign Med. Graduates*, 2012-Ohio-5676, ¶ 18; *Edwards v. Kelley*, 2021-Ohio-2933, ¶ 8 (8th Dist.) (noting that Civ.R. 12(C) motions specifically resolve questions of law, such as the application of the statute of limitations affirmative defenses that appear on the face of the complaint or personal jurisdiction issues).

**{¶ 15}** Motions for judgment on the pleadings are governed by Civ.R. 12(C), which provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In ruling on a Civ.R. 12(C) motion, the court is restricted to the allegations in the pleadings and any writings attached as exhibits to the pleadings. *Schmitt v. Educational Serv. Ctr.*, 2012-Ohio-2210, ¶ 9 (8th Dist.); *Edwards* at ¶ 8 ("Under Civ.R. 12(C), matters outside the pleadings cannot be considered because such motions are restricted to considering only the allegations contained within the four corners of the pleadings.").

**{¶ 16}** "'A motion for judgment on the pleadings does not allow a court to weigh the evidence; instead, it simply tests the sufficiency of the complaint.'" *Koz v. Newburgh Hts.*, 2025-Ohio-1555, ¶ 5 (8th Dist.), quoting *State ex rel. Ware v.*

*Booth*, 2024-Ohio-2102, ¶ 5. While the factual allegations asserted in the complaint must be accepted as true, unsupported conclusions are insufficient to defend against the motion. *Rowe* at ¶ 21, citing *Pincus v. Dubyak*, 2021-Ohio-3034, ¶ 17 (8th Dist.). Judgment on the pleadings is appropriate where, after considering the material allegations of the pleadings and all reasonable inferences to be drawn therefrom in a light most favorable to the nonmoving party, the court finds that no material factual issues exist, and the moving party is entitled to judgment as a matter of law. *Rayess* at ¶ 18, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). Moreover, "'[i]f a statute of limitations defense is pleaded, and the pleadings unequivocally demonstrate that the action was commenced after the limitations period expired, Civ.R. 12(C) relief is appropriate.'" *Covarrubias v. Lowe's Home Improvement, L.L.C.*, 2021-Ohio-1658, ¶ 14 (8th Dist.), quoting *Mangelluzzi v. Morley*, 2015-Ohio-3143, ¶ 9 (8th Dist.); *see also Gides v. Marcus & Millichap*, 2015-Ohio-4383, ¶ 10 (8th Dist.) ("When a party raises a statute of limitations defense in its answer, the defense is available as grounds for a motion to dismiss brought pursuant to Civ.R. 12(C).").

{¶ 17} There is no dispute in this matter that the Estate's complaint alleges a legal-malpractice claim under R.C. 2305.11(A), which is subject to a one-year statute of limitations. Rather, the parties dispute when the Estate's legal-malpractice claim began to accrue.

{¶ 18} Under R.C. 2305.11(A), an action for legal malpractice accrues, and the statute of limitations begins to run, upon the later of two occurrences: (1) "there

is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney" or (2) "when the attorney-client relationship for that particular transaction or undertaking terminates." *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 58 (1989). Thus, to avoid the statute of limitations, the Estate's malpractice claim must have accrued no earlier than September 18, 2022 — one year prior to the commencement of this action.

{¶ 19} "A cognizable event is one that puts a reasonable person on notice of the need for further inquiry as to whether a mistake in lawyering may have occurred." *Michael v. Stanard*, 2025-Ohio-741, ¶ 20 (8th Dist.), citing *Zimmie* at 57. "[C]onstructive knowledge of the facts rather than actual knowledge of their legal significance, is enough" to trigger the statute of limitations. (Emphasis deleted.) *Flowers v. Walker*, 63 Ohio St.3d 546, 549 (1992) (explaining that "the 'cognizable event' itself puts the plaintiff on notice to investigate the facts and circumstances relevant to [their] claim in order to pursue [their] remedies"). Thus, the statute of limitations begins to run, and knowledge of a potential problem is imputed, even when the plaintiff does not know all the details, including the extent of the injury, and damages are not completely ascertainable. *Michael* at ¶ 20, citing *Halliwell v. Bruner*, 2000 Ohio App. LEXIS 5896, *17 (8th Dist. Dec. 14, 2000), and *Zimmie* at 59 ("It is enough that some noteworthy event, the cognizable event, has occurred, which does or should alert a reasonable person that a questionable legal

practice may have occurred."); *Flowers* at 549 ("A plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations.") Significant to this appeal, this court has recently held that "a cognizable event is not dependent upon a judicial determination" since "it is the underlying factual circumstances, rather than the decisions of courts, which ultimately provide notice of potential malpractice to a putative plaintiff." *Michael* at ¶ 25, citing *Cotterman v. Arnebeck*, 2012-Ohio-4302 (10th Dist.), and *Szabo v. Goetsch*, 2007-Ohio-1147 (8th Dist.).

{¶ 20} Here, the Estate claims that the 2021 Dismissal is not a cognizable event from, which their legal-malpractice action could accrue since the 2011 Dismissal already dismissed the K&F Litigation and retained the trial court's jurisdiction, rendering the 2021 Dismissal "completely void of any legal effect." The Estate adds that the 2021 Dismissal should have been immediately stricken since it was executed by William T. Wuliger, who was deceased at the time of its filing. The Estate further argues that prior to denying its motion to enforce the Settlement Agreement for lack of jurisdiction, the trial court continued to exercise jurisdiction in the K&F Litigation for more than nine months. Consequently, the Estate asserts that a reasonable person would not have any basis to believe, know, or have reason to know that there were "any serious legal issues" surrounding the 2021 Dismissal.

{¶ 21} Restricting our review to the allegations in the pleadings and any writings attached as exhibits, we find that the Estate's complaint establishes that the 2021 Dismissal would have notified a reasonable person that further inquiry was

needed to determine whether a mistake in lawyering occurred. The complaint alleged that the 2021 Dismissal was filed in the K&F Litigation despite ongoing, unresolved issues with certain Settlement Agreement terms. The complaint further alleged that the 2021 Dismissal was executed by William T. Wuliger, who was deceased at the time of its filing. The complaint also asserted that the 2021 Dismissal did not include language retaining the trial court's jurisdiction to enforce the Settlement Agreement, a common practice in settled civil cases. These facts would certainly have alerted a reasonable person that a questionable legal practice may have occurred.

{¶ 22} The Estate does not argue that it lacked constructive knowledge of the 2021 Dismissal. Rather, the Estate claims that it did not have actual knowledge of the 2021 Dismissal's legal significance until the trial court denied its motion to enforce the Settlement Agreement on January 18, 2023. However, as discussed above, neither actual knowledge of an event's legal significance nor judicial determination is required. The cognizable event itself — in this case, the 2021 Dismissal — put the Estate on notice that an investigation into the facts and circumstances relevant to its legal-malpractice claim was needed. Indeed, the Estate emphasizes the many reasons for its belief that the 2021 Dismissal was "completely void of any legal effect" throughout its briefing but disregards the importance of its knowledge of those issues at the time of the 2021 Dismissal's filing.

{¶ 23} Having found that the 2021 Dismissal was a cognizable event, we turn to the second occurrence triggering R.C. 2305.11(A)'s statute of limitations — the

termination of the attorney-client relationship — to determine whether the Estate's legal-malpractice claim accrued later than May 3, 2021, the date when the 2021 Dismissal was filed. The complaint states that the Wuliger Defendants provided legal services to the Estate through January 2022 and a notice of appearance of new counsel was filed in the K&F Litigation on April 21, 2022. Thus, the termination of the Estate's attorney-client relationship with the Wuliger Defendants occurred, at the latest, on April 21, 2022. Since this is the later occurrence, it becomes controlling for the purpose of our analysis — the Estate's complaint must have been filed no later than April 21, 2023, to avoid the statute of limitations. Because the complaint was not filed until September 18, 2023, the Estate's legal-malpractice claims are time-barred.

{¶ 24} Since the Wuliger Defendants pleaded a statute-of-limitations defense and the pleadings unequivocally demonstrate that the action was commenced after the limitations period expired, Civ.R. 12(C) relief is appropriate. Accordingly, we affirm the trial court's decision granting judgment on the pleadings and overrule the Estate's first assignment of error.

### B. Amended Complaint

{¶ 25} In its second assignment of error, the Estate argues that the trial court erred in denying its motion for leave to file an amended complaint since the proposed amendments clarified issues surrounding the 2011 dismissal. The Estate asserts that its claims would have survived the Wuliger Defendants' motion for judgment on the pleadings had the trial court granted its motion for leave.

{¶ 26} "A trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion." *Tenable Protective Servs. v. Bit E-Technologies, L.L.C.*, 2008-Ohio-4233, ¶ 26 (8th Dist.). A trial court abuses its discretion if its decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 27} Civ.R. 15(A) governs amendments to pleadings and provides that, after the expiration of certain deadlines, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule further establishes that "[t]he court shall freely give leave when justice so requires." Civ.R. 15(A). Thus, while the language of Civ.R. 15(A) favors a liberal policy when the trial court is confronted with a motion to amend a pleading beyond the time limit when amendments are automatically allowed, there is no unconditional or absolute right to amend a complaint once that time has passed. *Weiler v. Osborn Eng. Co.*, 2023-Ohio-619, ¶ 20 (8th Dist.), citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122 (1991), and *Franciscan Communities, Inc. v. Rice*, 2021-Ohio-1729, ¶ 31 (8th Dist.). Moreover, "[a] trial court may properly deny a motion for leave to amend a complaint if the amendment would be futile." *Id.,* citing *id.* at 123 ("[W]here a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading."); *Tenable Protective Servs.* at ¶ 28 ("Where an amendment to the complaint would have been futile, the trial court does not abuse its discretion in denying the motion.").

{¶ 28} Here, the trial court denied the Estate's motion for leave to amend its complaint after it concluded that the amendment was futile. We cannot say that the trial court abused its discretion in so finding. The Estate's inclusion of additional facts and allegations in the proposed amended complaint, especially concerning the 2011 Dismissal, only further establishes that the 2021 Dismissal was a cognizable event for the purposes of R.C. 2305.11(A)'s statute of limitations. A second dismissal of the K&F Litigation in 2021, conflicting with the prior dismissal in 2011, would have alerted a reasonable person that a mistake in lawyering may have occurred and further inquiry was needed. Moreover, the proposed amended complaint's new fraud allegations and second, unnamed count — claiming that the Wuliger Defendants misrepresented the enforceability of a contingency-fee agreement and the need for certain probate disclosures — arise from the Wuliger Defendants' representation of the Estate and are therefore time-barred legal-malpractice claims. *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 2014-Ohio-25, ¶ 35 (8th Dist.) ("When the gist of a complaint sounds in malpractice, the other duplicative claims, even those labeled as fraud and breach of contract, are subsumed within the legal-malpractice claim."); *Cleveland Constr., Inc. v. Roetzel & Andress, L.P.A.*, 2011-Ohio-1237, ¶ 24 (8th Dist.) ("Claims arising out of an attorney's representation, regardless of the label attached, constitute legal malpractice claims that are subject to the one-year statute of limitations set forth in R.C. 2305.11(A).").

{¶ 29} Because the amendment was, indeed, futile, the trial court did not act unreasonably, arbitrarily, or unconscionably when it denied the Estate's motion for

leave to file an amended complaint. Accordingly, the Estate's second assignment of error is overruled.

{¶ 30} Because we affirm the trial court's judgment, dismissing the Estate's claims in their entirety, we need not consider the Wuliger Defendants' cross-assignment of error.

{¶ 31} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court found there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
DEENA R. CALABRESE, J., CONCUR